OPINION *Page 2 
{¶ 1} Although originally placed on our accelerated calendar, we have elected, pursuant to Local Rule 12(5), to issue a full opinion in lieu of a judgment entry. Defendant-Appellant Robert C. Daughenbaugh ("Daughenbaugh") appeals from the July 10, 2007 Judgment Entry of the Court of Common Pleas of Wyandot County, Ohio, sentencing him to 22 months in prison for his convictions of Breaking and Entering, a felony of the fifth degree in violation of Ohio Revised Code Section2911.13(A), and Vandalism, a felony of the fifth degree in violation of Ohio Revised Code Section 2909.05(B)(1)(a).
 {¶ 2} On March 14, 2007 a Wyandot County Grand Jury indicted Daughenbaugh on one count of Breaking and Entering, a felony of the fifth degree in violation of R.C. 2911.13(A), finding that "on or about April 24, 2005, [Daughenbaugh] did by force or deception, knowingly trespass in Kalmbach Feeds . . . an unoccupied structure, with the purpose to commit therein a theft offense . . ." The indictment also charged Daughenbaugh with one count of Vandalism, a felony of the fifth degree in violation of R.C. 2909.05(B)(1)(a), finding that "on or about December 11, 2006, Daughenbaugh did knowingly cause physical harm to property that is owned or possessed by Arnold Vending Co., Inc. . . and the value of the property or the amount of physical harm involved is $500.00 or more, to-wit: $1,825.00 . . ." *Page 3 
 {¶ 3} At his arraignment on April 17, 2007 Daughenbaugh was appointed counsel and the trial court entered a conditional plea of not guilty on behalf of Daughenbaugh to each count contained in the indictment. Daughenbaugh was released on bond.
 {¶ 4} On May 1, 2007 Daughenbaugh appeared before the trial court for a change of plea hearing. During the hearing the State of Ohio moved to amend the indictment to correct the date of the Vandalism charge set forth in count two, from 2006 to 2005 and the court granted the same. At the hearing Daughenbaugh entered a plea of guilty to the charge of Breaking and Entering as set forth in count one of the indictment, and entered a plea of guilty to the charge of Vandalism as set forth in count two of the amended indictment. After accepting Daughenbaugh's pleas of guilty as to both charges, the trial court found Daughenbaugh guilty of Breaking and Entering and Vandalism. The court ordered that the Adult Parole Authority conduct a pre-sentence investigation and submit a written report of said investigation to the court. Daughenbaugh's bond was continued and this matter was continued for sentencing, pending the filing of the pre-sentence investigation report.
 {¶ 5} On June 27, 2007 the trial court conducted Daughenbaugh's sentencing hearing pursuant to R.C. 2929.19. The court sentenced Daughenbaugh to 11 months in prison for his conviction of Breaking and Entering and 11 months *Page 4 
in prison for his conviction of Vandalism, with the sentences to be served consecutively. The court also ordered Daughenbaugh to pay restitution in the amount of $1,825.00 to the Arnold Vending Co., Inc. and $850.00 to Kalmbach Feeds.
 {¶ 6} Daughenbaugh now appeals, asserting one assignment of error.
 ASSIGNMENT OF ERROR THE TRIAL COURT ERRED BY FAILING TO CONSIDER ALL THE APPLICABLE FACTORS OF OHIO REVISED CODE § 2929.12 WHILE MAKING ITS FINDINGS IN SUPPORT OF ITS SENTENCE OF THE DEFENDANT TO NON-MINIMUM CONSECUTIVE SENTENCES.
 {¶ 7} In his sole assignment of error, Daughenbaugh alleges that the trial court erred by failing to consider all of the applicable factors of R.C. 2929.12, specifically his genuine remorse, while making its findings in support of its non-minimum consecutive sentences.
 {¶ 8} In reviewing sentencing decisions of a trial court, an appellate court conducts a meaningful review of the sentence decision. State v.Carter 11th Dist. No. 2003-P-0007, 2004-Ohio-1181. "Meaningful review" means that an appellate court hearing an appeal of a felony sentence may modify or vacate the sentence and remand the matter to the trial court for re-sentencing if the court clearly and convincingly finds that the record does not support the sentence or that the sentence is otherwise contrary to law. Carter, at ¶ 44 citingState v. Comer (2003), 99 Ohio St.3d 463, 476, 793 N.E.2d 473; R.C.2953.08. *Page 5 
 {¶ 9} Additionally, a court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing which are to protect the public from future crime by the offender and others and to punish the offender. R.C. 2929.11(A). To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both. Id.
 {¶ 10} As a preliminary matter, we note that Daughenbaugh committed the offenses of Breaking and Entering and Vandalism prior to, but was sentenced after the Supreme Court of Ohio rendered its decisions inState v. Foster (2006), 109 Ohio St.3d 1, 2006-Ohio-856 and State v.Mathis (2006), 109 Ohio St.3d 54, 2006-Ohio-855.
 {¶ 11} In Foster, the Supreme Court of Ohio addressed constitutional issues concerning felony sentencing and held that portions of Ohio's felony sentencing framework were unconstitutional and void, including R.C. 2929.14(B) requiring judicial findings that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crimes by the offender, and R.C. 2929.14(C) which requires judicial fact-finding for maximum prison terms. See Foster, 2006-Ohio-856 at ¶ 97, 103. Regarding new sentences and re-sentences, the Supreme Court of Ohio stated, "we have *Page 6 
concluded that trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Foster at ¶ 100; see alsoMathis, 2006-Ohio-855 at paragraph three of the syllabus.
 {¶ 12} In Mathis, decided the same day as Foster, the Supreme Court of Ohio provided, in relevant part, as follows:
 As we have held in Foster, however, trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences . . . the trial court will have discretion to sentencing within the applicable range, following R.C. 2929.19 procedures.
Mathis at ¶ 37; see also State v. Wentling, 3rd Dist. No. 16-06-03, 2007-Ohio-217.
 {¶ 13} However, a trial court must still consider the overall purposes of sentencing as set forth in R.C. 2929.11, as well as the factors relating to the seriousness of the offense and recidivism of the offender under R.C. 2929.12, when sentencing an offender. State v.Smith, 3rd Dist. No. 2-06-37, 2007-Ohio-3129 at ¶ 26 citing Mathis, 2006-Ohio-855 at ¶ 38. But, under R.C. 2929.12, a sentencing court is not required to use specific language regarding its consideration of the seriousness and recidivism factors. Id. citingState v. Sharp 10th Dist. No. 05AP-809, 2006-Ohio-3448;State v. Amett (2000), *Page 7 88 Ohio St.3d 208, 205; State v. McAdams, 162 Ohio App.3d 218; and State v.Patterson 8th Dist. No. 84803, 2005-Ohio-2003. Further, there is no requirement in R.C. 2929.12 that the trial court state on the record that it has considered the statutory criteria or even discussed them. Id. citing State v. Polick (1995), 101 Ohio App.3d 428,431; State v. Gant, 7th Dist. No. 04-MA-252,2006-Ohio-1469 (nothing in R.C. 2929.12 or the decisions of the Ohio Supreme Court imposes any duty on the trial court to set forth its findings); State v. Hughes 6th Dist. No. WD-05-024,2005-Ohio-6405 (trial court was not required to address each R.C.2929.12 factor individually and make a finding as to whether it was applicable).
 {¶ 14} In the present case, the trial court conducted Daughenbaugh's sentencing hearing pursuant to R.C. 2929.19, which provides, in relevant part, as follows:
 (A)(1) The court shall hold a sentencing hearing before imposing a sentence under this chapter upon an offender who was convicted of or pleaded guilty to a felony . . . At the hearing, the offender, the prosecuting attorney, the victim or the victim's representative . . . and, with the approval of the court, any other person may present information relevant to the imposition of sentence in the case. The court shall inform the offender of the . . . finding of the court and ask the offender whether the offender has anything to say as to why sentence should not be imposed upon the offender. * * *
 (B)(1) At the sentencing hearing, the court, before imposing sentence, shall consider the record, any information presented at the hearing by any person pursuant to division (A) of this section, and, if one was prepared, the pre-sentence investigation report . . . and any victim impact statement made . . . *Page 8 
 {¶ 15} A review of the record in the present case demonstrates that the trial court followed the procedures set forth in R.C. 2929.19 and considered both R.C. 2929.11 and R.C. 2929.12 in sentencing Daughenbaugh. Furthermore, we find that Daughenbaugh's sentence was supported by the record.
 {¶ 16} Specifically, we note that at Daughenbaugh's sentencing hearing, the trial court stated as follows:
 The Court further finds after considering the factors pertaining to the seriousness of the offenses and whether the defendant is likely to recidivate, that the offender is not amenable to community control and that prison is consistent with the purposes of and principals of sentencing as set forth in Section 2929.11 of the Ohio Revised Code.
(See June 27, 2007 Transcript of Sentencing, p. 8).
 {¶ 17} Additionally, we note that the trial court also stated in its July 10, 2007 Judgment Entry that it had "fully considered the record, statements made, and the information contained in the pre-sentence investigation report" and found that "prison is consistent with the purposes and principles of sentencing set forth in Section 2929.11 of the Revised Code of Ohio." Moreover, the trial court further found that Daughenbaugh had a prior record, was under supervision when these offenses occurred, and that his relationship with the victim facilitated the offenses; all factors that a court may consider pursuant to R.C.2929.12. *Page 9 
 {¶ 18} Thus, although the trial court was not required to set forth its specific findings, nor was it required to specifically state that it considered each of the subsections of R.C. 2929.11, R.C. 2929.12, or R.C. 2929.13 pursuant to Foster, and Smith, supra, the record clearly evinces that the trial court considered the requisite factors of R.C.2929.12 in imposing Daughenbaugh's prison term. Therefore, we cannot clearly and convincingly find that the record does not support Daughenbaugh's sentence or that the sentence is otherwise contrary to law.
 {¶ 19} Finally, pursuant to R.C. 2929.14(A),
 . . . [i]f the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender pursuant to this chapter, the court shall impose a definite prison term that shall be one of the following:
 * * *
 (5) For a felony of the fifth degree, the prison term shall be six, seven, eight, nine, ten, eleven, or twelve months.
 {¶ 20} Accordingly, we note that Daughenbaugh could have been sentenced to prison terms of as little as six months for each of his felony convictions, or the maximum prison terms of twelve months for each of his felony convictions. In this case, the trial court sentenced Daughenbaugh to prison terms of 11 months on each of his felony convictions, to be served consecutively.
 {¶ 21} Based on the foregoing, we find that the trial court properly considered the factors contained in R.C. 2929.11 and R.C. 2929.12 in sentencing *Page 10 
Daughenbaugh and that his sentence is supported by the record. Therefore, Daughenbaugh's sole assignment of error is overruled and the July 10, 2007 Judgment Entry of the Court of Common Pleas of Wyandot County, Ohio is affirmed.
Judgment Affirmed.
 PRESTON and WILLAMOWSKI, J.J., concur. *Page 1