OPINION *Page 2 
{¶ 1} Defendant-Appellant, David Estep, appeals the judgment of the Marion County Court of Common Pleas sentencing him to consecutive, non-minimum prison terms. On appeal, Estep argues that the trial court erred in imposing consecutive sentences for an aggregate sentence of fifteen years. Finding that the trial court did not err, we affirm the judgment of the trial court.
 {¶ 2} In December 2006, the Marion County Grand Jury indicted Estep for one count of felonious assault in violation of R.C. 2903.11(A)(1), a felony of the second degree; one count of kidnapping in violation of R.C. 2905.01(A)(2), a felony of the first degree; one count of aggravated robbery in violation of R.C. 2911.01(A)(3), a felony of the first degree; one count of aggravated burglary in violation of 2911.11(A)(1), a felony of the first degree; and, one count of tampering with evidence in violation of 2921.12(A)(1), a felony of the third degree. The indictment arose from an incident whereby Estep and another man severely beat the victim, moved him into a closet, barricaded the closet, stole items from his apartment, and then disposed of some of the items and their bloody clothes in a dumpster.
 {¶ 3} In January 2007, Estep entered a plea of not guilty to all counts of the indictment. *Page 3 
 {¶ 4} In February 2007, the Marion County Grand Jury indicted Estep for an additional count of kidnapping in violation of R.C.2905.01(A)(3), a felony of the first degree. Subsequently, Estep entered a plea of not guilty to the additional count.
 {¶ 5} In March 2007, Estep withdrew his plea of not guilty and entered a negotiated plea of guilty to the felonious assault, aggravated robbery, kidnapping in violation of R.C. 2905.01(A)(2), and tampering with evidence counts. The other counts were dismissed pursuant to negotiations.
 {¶ 6} In April 2007, the trial court sentenced Estep to a four-year prison term on the felonious assault count; to a six-year prison term on the kidnapping in violation of R.C. 2905.01(A)(2) count; to a four-year prison term on the aggravated robbery count; and, to a one-year prison term on the tampering with evidence count, all to be served consecutively to each other for an aggregate fifteen-year prison term, stating:
 The Court has listened to the arguments of counsel in this matter and appreciate [sic] the comments made by both counsel in this case. The difficulty with [Estep's counsel's] argument is is [sic] that this crime is — I mean, it's just so, you know, I mean, vicious. It [sic] mean, it's terrible. It doesn't really give the Court a lot of room of latitude.
 The Court's considering the fact that the Defendant did confess in this matter and such, but even so, the Court has considered the general factors required by the Ohio Revised Code in determining the sentence to be imposed, *Page 4 and * * * further considered the specific facts of this case and the Defendant's circumstances.
(Sentencing Hearing, p. 27).
 {¶ 7} Additionally, the trial court stated in the judgment entry of sentencing that:
 The Court has considered the record, oral statements, any victim impact statement and pre-sentence report prepared, as well as the principles and purposes of sentencing under R.C. 2929.11, as the appropriate factors under R.C. 2929.12.
(Judgment Entry, p. 1).
 {¶ 8} It is from this judgment that Estep appeals, presenting the following assignment of error for our review.
 THE TRIAL COURT ERRED IN IMPOSING CONSECUTIVE SENTENCES FOR A TOTAL SENTENCE OF 15 YEARS CONTRARY TO LAW.
 {¶ 9} In his sole assignment of error, Estep asserts that the trial court erred because it imposed consecutive sentences for an aggregate sentence of fifteen years. Specifically, Estep claims that the trial court only considered the seriousness of his offense and did not consider that he was eighteen years of age at the time of the offense; that he suffered from attention deficit hyperactivity disorder; that his home life lacked structure and his parents were divorced; that he was under the influence of alcohol and/or drugs when he committed the offense; that he confessed to the offenses when confronted by police; that he expressed *Page 5 
remorse for his actions; and, that he was willing to seek treatment for his substance abuse problems. We disagree.
 {¶ 10} When reviewing the sentencing decision of a trial court, an appellate court must conduct a meaningful review of the sentencing decision. State v. Daughenbaugh, 3d Dist. No. 16-07-07, 2007-Ohio-5774, citing State v. Carter, 11th Dist No. 2003-P-0007, 2004-Ohio-1181. A meaningful review means "an appellate court hearing an appeal of a felony sentence may modify or vacate the sentence and remand the matter to the trial court for re-sentencing if the court clearly and convincingly finds that the record does not support the sentence or that the sentence is otherwise contrary to law." Daughenbaugh, supra, citingCarter, 2004-Ohio-1181, at ¶ 44; R.C. 2953.08(G).
 {¶ 11} In State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, the Supreme Court of Ohio held that portions of Ohio's felony sentencing law were unconstitutional, and severed those portions. In doing so, the Court held that "[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Foster, 2006-Ohio-856, at paragraph seven of the syllabus. In addition, the Court stated "[o]ur remedy does not rewrite the statutes, but leaves courts with full discretion to impose prison terms within the basic ranges of R.C. 2929.14(A) based upon a jury *Page 6 
verdict or admission of the defendant without the mandated judicial findings [of fact] that Blakely prohibits." Id. at ¶ 102. Further, "[c]ourts shall consider these portions of the sentencing code that are unaffected by today's decision and impose any sentence within the appropriate felony range. If an offender is sentenced to multiple prison terms, the court is not barred from requiring those terms to be served consecutively." Id. at ¶ 105.
 {¶ 12} Foster also held that trial courts must still comply with R.C.2929.11, 2929.12, 2929.13, and the remaining provisions of R.C. 2929.14, and that R.C. 2929.11 and 2929.12 apply as a general guide for every sentencing. Id. at ¶ 36. The Court held that R.C. 2929.11 and 2929.12 do not mandate judicial fact-finding; rather, in exercising its discretion, a court is merely required to "consider" the purposes of sentencing in R.C. 2929.11 and the statutory guidelines and factors set forth in R.C.2929.12. Id. at ¶¶ 36-42. See, also, State v. Mathis, 109 Ohio St.3d 54,2006-Ohio-855, at ¶ 38.
 {¶ 13} Here, the trial court specifically stated in the judgment entry of sentencing that it had considered the record, oral statements, victim impact statement, pre-sentence report prepared, and the principles of sentencing under R.C. 2929.11, as the factors under R.C. 2929.12. Additionally, the trial court stated on the record that it had considered the fact that Estep confessed and also that the crime was "vicious" and "terrible." Therefore, although the trial court *Page 7 
was not required to state its specific findings or that it considered each subsection of R.C. 2929.11 or 2929.12, pursuant to Foster, supra, and Mathis, supra, the record reflects that the trial court properly considered the factors of R.C. 2929.11 and 2929.12. Further,Foster specifically held that multiple sentences may be imposed consecutively. Finally, the prison sentences that the trial court imposed were within the statutory range for each offense. See R.C.2929.14(A). Therefore, we cannot find that the trial court erred.
 {¶ 14} Accordingly, we overrule Estep's assignment of error.
 {¶ 15} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 PRESTON and WILLAMOWSKI, JJ., concur. *Page 1