OPINION *Page 2 
{¶ 1} Defendant-Appellant, Benjamin D. Roehl, appeals the judgment of the Defiance County Court of Common Pleas sentencing him to consecutive, non-minimum prison terms. On appeal, Roehl argues that the trial court erred in sentencing him to consecutive, non-minimum prison terms. Finding that the trial court did not err, we affirm the judgment of the trial court.
 {¶ 2} In August 2006, the Defiance County Grand Jury indicted Roehl for one count of aggravated burglary in violation of R.C. 2911.11(A)(1), a felony of the first degree, and one count of rape in violation of R.C.2907.02(A)(2), a felony of the first degree. The indictment arose from an incident whereby Roehl forcibly entered the home of a bed-ridden, elderly woman and raped the woman's caretaker. Thereafter, Roehl entered a plea of not guilty to both counts of the indictment.
 {¶ 3} In December 2006, Roehl withdrew his plea of not guilty and entered a negotiated plea of guilty to the aggravated burglary and rape counts.
 {¶ 4} In February 2007, the trial court sentenced Roehl to a nine-year prison term on the aggravated burglary count and to a nine-year prison term on the rape count, to be served consecutively to each other for an aggregate eighteen-year prison term, stating: *Page 3 
 I'm well aware of the rationale for plea agreements and the rationale for a State sentence recommendation. And as counsel is aware, those certainly carry a lot of weight. And I realize that the predictability of the system requires that those recommendations be given a lot of weight. I cannot in good conscience follow the State's sentence recommendation having seen this pre-sentence report, having seen that he is virtually without redeeming qualities, that he has prior serious multiple sexual offenses, that he has had opportunity after opportunity to address this so-called, the clear alcohol problem that is in so-called relationship with this offense which I don't, frankly, see.
(Sentencing Hearing, p. 21).
 {¶ 5} Additionally, the trial court stated in the judgment entry of sentencing that:
 Certain recommendations were received from the State and the Probation Officer addressed the Court. Counsel for the Defendant was permitted to speak in mitigation of punishment and the Defendant was offered an opportunity to address the Court. The Court made reference to the information contained in the Pre-Sentence Investigation Report and to the history of this cause [sic] as known to the Court.
 Based upon all of the foregoing considerations and upon consideration of the statutory sentencing factors present in R.C. 2929.12, the Court finds that the Defendant is an unrepentant sexual predator; there are two (2) prior victims of sex offenses by the Defendant; the Defendant is dangerous and calculating; he threatened the victims when they were trying to get help; and that these are the worst forms of offenses.
(Judgment Entry of Sentencing, pp. 1-2).
 {¶ 6} It is from this judgment that Roehl appeals, presenting the following assignment of error for our review. *Page 4 
 THE COURT ERRED IN SENTENCING APPELLANT TO SERVE CONSECUTIVE, NEAR-MAXIMUM PRISON TERMS.
 {¶ 7} In his sole assignment of error, Roehl argues that the trial court erred in sentencing him to consecutive, near-maximum prison terms. Specifically, Roehl claims that the trial court only considered the aggravating circumstances of the offenses and failed to consider that he expressed significant and genuine remorse; that he had not served a prior prison term; and, that he acknowledged that his decision to consume alcohol led to commission of the offenses. Additionally, Roehl claims that the State's recommended twelve-year aggregate prison term is evidence that the trial court did not consider any mitigating factors.
 {¶ 8} When an appellate court reviews the sentencing decision of a trial court, it must conduct a meaningful review of the sentencing decision. State v. Daughenbaugh, 3d Dist. No. 16-07-07, 2007-Ohio-5774, ¶ 8, citing State v. Carter, 11th Dist. No. 2003-P-0007, 2004-Ohio-1181. A meaningful review means "that an appellate court hearing an appeal of a felony sentence may modify or vacate the sentence and remand the matter to the trial court for re-sentencing if the court clearly and convincingly finds that the record does not support the sentence or that the sentence is otherwise contrary to law." Daughenbaugh,2007-Ohio-5774, at ¶ 8, citing Carter, 2004-Ohio-1181, at ¶ 44; R.C.2953.08(G). *Page 5 
 {¶ 9} In State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, the Supreme Court of Ohio severed portions of Ohio's felony sentencing law after finding them unconstitutional. The Court held that "[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences."Foster, 2006-Ohio-856, at paragraph seven of the syllabus. Further, the Court stated that "[o]ur remedy does not rewrite the statute, but leaves courts with full discretion to impose a prison term within the basic ranges of R.C. 2929.14(A) based upon a jury verdict or admission of the defendant without the mandated judicial findings [of fact] thatBlakely prohibits." Id. at ¶ 102. Additionally, the Court held that "[c]ourts shall consider those portions of the sentencing code that are unaffected by today's decision and impose any sentence within the appropriate felony range. If an offender is sentenced to multiple prison terms, the court is not barred from requiring those terms to be served consecutively." Id. at ¶ 105.
 {¶ 10} Trial courts are still required to comply with R.C. 2929.11,2929.12, 2929.13, and the unsevered portions of R.C. 2929.14.Foster, 2006-Ohio-856, at ¶ 36. Additionally, R.C. 2929.11 and 2929.12
do not mandate judicial fact-finding; rather, in exercising its discretion, a trial court is merely required to "consider" the purposes of sentencing in R.C. 2929.11 and the statutory guidelines *Page 6 
and factors set forth in R.C. 2929.12. Id. at ¶¶ 36-42. See, also,State v. Mathis, 109 Ohio St.3d 54, 2006-Ohio-855, ¶ 38; State v.Estep, 3d Dist. No. 9-07-16, 2007-Ohio-6713, ¶ 12.
 {¶ 11} Additionally, "`[f]inal judgment on acceptance of a plea agreement and sentencing rests with the discretion of the trial court,' and therefore, the terms of a negotiated plea agreement do not restrict a court's discretion in sentencing." State v. Moore, 3d Dist. No. 14-06-43, 2007-Ohio-1763, ¶ 7, quoting State v. Pettiford, 12th Dist. No. CA2001-08-014, 2002-Ohio-1914 (citations omitted).
 {¶ 12} In the case sub judice, the trial court specifically stated in the judgment entry of sentencing that it had considered the statements from Roehl and his counsel concerning mitigation, the pre-sentence investigation report, recommendations of the State and Roehl's probation officer, and the statutory sentencing factors present in R.C. 2929.12. Additionally, the trial court stated that Roehl was an unrepentant sexual predator; that there were two prior victims of sexual offenses by Roehl; that Roehl was dangerous and calculating; that Roehl had threatened the victims while they sought help; and, that Roehl had committed "the worst forms of offenses." Therefore, although the trial court was not required to state its specific findings or even that it considered each subsection of the sentencing statute, pursuant toFoster and Mathis, the record reflects that the trial court properly considered the statutory sentencing factors. Further, Foster *Page 7 
specifically held that multiple sentences may be imposed consecutively. Additionally, the prison sentences imposed by the trial court were within the statutory range for each offense. See R.C. 2929.14(A). Finally, while the trial court specifically stated that it had considered the State's sentence recommendation, it was not restricted by that recommendation under Moore. Therefore, we cannot find that the trial court erred.
 {¶ 13} Accordingly, we overrule Roehl's assignment of error.
 {¶ 14} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 SHAW, P.J., and PRESTON, J., concur. *Page 1