[Cite as *State v. Meeker*, 2010-Ohio-5519.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## PUTNAM COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,          CASE NO.  12-10-09

    v.

JOSEPH M. MEEKER,             **O P I N I O N**

    DEFENDANT-APPELLANT.

**Appeal from Putnam County Common Pleas Court
Trial Court No. 2009 CR 70**

**Judgment Affirmed**

**Date of Decision:    November 15, 2010**

**APPEARANCES:**

    *Joseph A. Benavidez*  **for Appellant**

    *Todd C. Schroeder*  **for Appellee**

**ROGERS, J.**

{¶1} Defendant-appellant, Joseph M. Meeker, appeals from the judgment of the Putnam County Court of Common Pleas convicting him of one count of receiving stolen property and one count of burglary, and sentencing him to serve six and a half years in prison. On appeal, Meeker argues that the trial court erred when it found that a single prison term would not adequately protect the public from future crimes and imposed a sentence of maximum and consecutive prison terms. Based on the following, we affirm the judgment of the trial court.

{¶2} On December 9, 2009, Meeker was indicted by the Putnam County Grand Jury on one count of receiving stolen property in violation of R.C. 2913.51(A), a felony of the fourth degree; one count of having weapons while under a disability in violation of R.C. 2923.13(A)(2), a felony of the third degree; one count of burglary in violation of R.C. 2911.12(A)(2), a felony of the second degree; and one count of possession of criminal tools in violation of R.C. 2923.24(A), a felony of the fifth degree. The indictment arose from seventeen separate incidents where Meeker and his co-defendant, Jamison Siefker, forcibly entered into various residences and unoccupied structures, taking items belonging to the property owners. After conducting a lawful search of Meeker's residence, Ottawa police officers found several of the stolen items within the home, including the pry bar that was reportedly used in committing some of the offenses. The

police also discovered three .22 caliber rifles in the home which Meeker was prohibited from possessing due to his prior conviction on a felony domestic violence charge. Meeker subsequently entered a plea of not guilty to the charges.

{¶3} On March 15, 2010, Meeker entered a negotiated plea of guilty to the receiving stolen property and burglary charges. The State agreed to dismiss the remaining two charges and to remain silent at sentencing in exchange for Meeker's co-operation and testimony in the prosecution of his co-defendant. At the change of plea hearing, Meeker stated that he understood that the charges against him carried a total potential sentence of six and a half years, eighteen months for the receiving stolen property charge and five years for the burglary charge. On April 20, 2010, the court sentenced Meeker to serve the maximum term of six and a half years in prison and ordered him to pay $1,667.90 in restitution.

{¶4} It is from his conviction and sentence that Meeker appeals, presenting the following assignment of error for our review.

> **APPELLANT IS ENTITLED TO AN APPEAL OF THIS SENTENCE AS A MATTER OF RIGHT PURSUANT TO THE TRIAL COURT IMPOSING THE MAXIMUM SENTENCES AND SENTENCING APPELLANT CONTRARY TO LAW**

{¶5} In his sole assignment of error, Meeker argues that the trial court erred when it sentenced him to the maximum sentence on each count to be served consecutively for a total six and a half year prison term. Specifically, Meeker

maintains that the trial court's sentence is contrary to law because the trial court incorrectly found that the harm in this case was so great that a single prison term would not adequately protect the public from future crimes. We disagree.

{¶6} An appellate court must conduct a meaningful review of the trial court's sentencing decision. *State v. Daughenbaugh*, 3rd Dist. No. 16-07-07, 2007-Ohio-5774, ¶ 8, citing *State v. Carter*, 11th Dist. No.2003-P-0007, 2004-Ohio-1181. A meaningful review means "that an appellate court hearing an appeal of a felony sentence may modify or vacate the sentence and remand the matter to the trial court for re-sentencing if the court clearly and convincingly finds that the record does not support the sentence or that the sentence is otherwise contrary to law." *Daughenbaugh*, 2007-Ohio-5774, at ¶ 8, citing *Carter*, 2004-Ohio-1181, at ¶ 44; R.C. 2953.08(G).[1] Clear and convincing evidence is "[t]he measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal." *In re Estate of Haynes* (1986), 25 Ohio St.3d 101,

---

[1] We note that the Supreme Court of Ohio's recent plurality opinion in *State v. Kalish*, 120 Ohio St.3d 23, 896 N.E.2d 124, 2008-Ohio-4912, establishes a two-part test utilizing an abuse of discretion standard for appellate review of felony sentencing decisions under R.C. 2953.08(G). While we cite to this Court's precedential clear and convincing review standard adopted by three dissenting Justices in *Kalish*, we note that the outcome of our decision in this case would be identical under the *Kalish* plurality's two-part test.

103-04, 495 N.E.2d 23.

{¶7} In *State v. Foster*, 109 Ohio St.3d 1, 845 N.E.2d 470, 2006-Ohio-856, the Supreme Court of Ohio severed portions of Ohio's felony sentencing law after finding them unconstitutional. The Court held that "[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." *Id.* at paragraph seven of the syllabus. Further, the Court stated that "[o]ur remedy does not rewrite the statute, but leaves courts with full discretion to impose a prison term within the basic ranges of R.C. 2929.14(A) * * *." *Id.* at ¶ 102, 845 N.E.2d 470. Additionally, the Court held that "[c]ourts shall consider those portions of the sentencing code that are unaffected by today's decision and impose any sentence within the appropriate felony range." *Id.* at ¶ 105, 845 N.E.2d 470.

{¶8} Trial courts are still required to comply with R.C. 2929.11, 2929.12, 2929.13, and the unsevered portions of R.C. 2929.14. *Foster*, 109 Ohio St.3d 1, at ¶ 36, 845 N.E.2d 470. However, R.C. 2929.11 and 2929.12 do not mandate judicial fact-finding; rather, in exercising its discretion, a trial court is merely required to "consider" the purposes of sentencing in R.C. 2929.11 and the statutory guidelines and factors set forth in R.C. 2929.12. *Id.* at ¶¶ 36-42, 845 N.E.2d 470. See, also, *State v. Mathis*, 109 Ohio St.3d 54, 846 N.E.2d 1, 2006-

Ohio-855, ¶ 38; *State v. Roehl*, 3d Dist. No. 4-07-10, 2008-Ohio-85, ¶ 10; *State v. Estep*, 3d Dist. No. 9-07-16, 2007-Ohio-6713, ¶ 12.

{¶9} In the present case, the trial court sentenced Meeker to a prison term within the permissible range for a felony of the third degree, as provided in R.C. 2929.14(A)(2), and, a felony of the fourth degree, as provided in R.C. 2929.14(A)(4). Pursuant to Foster, the trial court was authorized to sentence him to any prison term within that range. Moreover, the trial court also indicated it considered the principles and purposes of sentencing under R.C. 2929.11 and the seriousness and recidivism factors of R.C. 2929.12. At the sentencing hearing, the trial court noted Meeker's extensive criminal past as a juvenile and discussed in detail several reported threats that Meeker had made to seriously harm or kill his mother and other individuals. The court also noted that Meeker continued to have unsettling psychological issues which the trial court characterized as "on-going problems" that are "unlikely to change." (Apr.2010 Hearing Tr., p.11). The court concluded "that these are systemic long term issues that appear to be unresponsive to past treatments." (Id.). Finally, the court stated that it believed Meeker to be a significant danger to others and expressed its concern with the likelihood of Meeker's recidivism by stating that it had little reason to believe that Meeker's behavior is likely to change at any time in the foreseeable future.

{¶10} Based on these considerations, the court determined that a single prison term would not adequately protect the public from future crime and that consecutive and maximum sentences were warranted in this case. After reviewing the record before us, it is apparent that the trial court gave its due consideration of the principles and purposes of sentencing under R.C. 2929.11 and the seriousness and recidivism factors of R.C. 2929.12 when it imposed Meeker's sentence. Consequently, we do not find that the trial court erred in imposing maximum and consecutive prison terms in this case.

{¶11} Accordingly, we overrule Meeker's sole assignment of error.

{¶12} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**PRESTON, J., concurs.**

**/jlr**

**WILLAMOWSKI, P.J. Concurring Separately.**

{¶13} I concur with the majority opinion, however write separately to emphasize that the appropriate standard of review was applied. The standard of review for sentences was set forth in the plurality opinion of *Kalish*, supra. In *Kalish*, four panel members noted that R.C. 2953.08(G) requires that appellate

courts require appellants to meet a clearly and convincingly contrary to law standard of review when reviewing a sentence.[1] For example, if the sentencing court imposed consecutive sentences, as in this case, the standard of review would be whether appellant has shown that the sentence was clearly and convincingly contrary to law. However, if the appeal is based upon the proper application of the factors in R.C. 2929.12, four panel members in *Kalish* would require review using an abuse of discretion standard as specifically set forth in R.C 2929.12.[2]

{¶14} In his assignments of error, Meeker alleges that the trial court erred by imposing maximum sentences under R.C 2929.14. Meeker's appeal of his felony sentence did not raise issue with the application of the factors set forth in R.C. 2929.12, which would require a review using an abuse of discretion standard. Thus, the clearly and convincingly contrary to law standard used to review this case, as set forth in R.C. 2953.08(G)(2) is the proper standard of review herein.

---

[1] Justices Pfeifer, Lundberg Stratton, Lanzinger, and Judge Willamowski, sitting by assignment, all reached this conclusion.

[2] Justices O'Connor, Moyer, O'Donnell, and Judge Willamowski, sitting by assignment, concurred in this position, although the first three would use both standards of review in all cases.