[Cite as *State v. Young*, 2011-Ohio-3528.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
WYANDOT COUNTY


STATE OF OHIO,

     PLAINTIFF-APPELLEE,                 CASE NO. 16-11-02

     v.

GARY R. YOUNG,                    O P I N I O N

     DEFENDANT-APPELLANT.


Appeal from Wyandot County Common Pleas Court
Trial Court No. 10-CR-0056

Judgment Affirmed

Date of Decision:    July 18, 2011


APPEARANCES:

    *Howard A. Elliott* for Appellant

    *Jonathan K. Miller* for Appellee

**SHAW, J.**

{¶1} Defendant-appellant, Gary Young ("Young"), appeals the February 1, 2011 judgment of the Wyandot County Court of Common Pleas sentencing him to seventeen months in prison.

{¶2} On December 16, 2010, a Wyandot County Grand Jury indicted Young on four counts of aggravated trafficking in drugs, each count with a specification that the offense was committed within the vicinity of a juvenile. All of these charges are classified as felonies of the third degree. Young was also indicted on one count of intimidation of a crime witness, also a felony of the third degree.

{¶3} On January 5, 2011, Young pled guilty to two amended counts of aggravated trafficking in drugs, both felonies of the fourth degree. The remaining charges and specifications listed in the indictment were dismissed.

{¶4} On January 31, 2011, Young appeared for sentencing. The trial court imposed a sentence of seventeen months in prison on each count to be served concurrently. Young's sentence was journalized by the trial court in its February 1, 2011 Judgment Entry.

{¶5} Young now appeals, asserting the following assignment of error.

## ASSIGNMENT OF ERROR

**THE RECORD DEMONSTRATES BY CLEAR AND CONVINCING EVIDENCE THAT THE SENTENCE IS UNSUPPORTED BY THE RECORD AND THE TRIAL COURT FAILED TO CONSIDER THE REHABILITATIVE PURPOSES OF FELONY SENTENCING UNDER OHIO REVISED CODE § 2929.11 IN IMPOSING SENTENCE UPON THE APPELLANT WHO HAD NO PREVIOUS FELONY CONVICTIONS AND EXPRESSED A DESIRE FOR SUBSTANCE ABUSE COUNSELING.**

{¶6} Initially, we note that an appellate court must conduct a meaningful review of the trial court's sentencing decision. *State v. Daughenbaugh*, 3rd Dist. No. 16-07-07, 2007-Ohio-5774, ¶ 8, citing *State v. Carter*, 11th Dist. No. 2003-P-0007, 2004-Ohio-1181. A meaningful review means "that an appellate court hearing an appeal of a felony sentence may modify or vacate the sentence and remand the matter to the trial court for re-sentencing if the court clearly and convincingly finds that the record does not support the sentence or that the sentence is otherwise contrary to law." *Daughenbaugh*, 2007-Ohio-5774, at ¶ 8, citing *Carter*, 2004-Ohio-1181, at ¶ 44; R.C. 2953.08(G).[1] Clear and convincing evidence is "[t]he measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to

---

[1] We note that the Supreme Court of Ohio's plurality opinion in *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, establishes a two-part test utilizing an abuse of discretion standard for appellate review of felony sentencing decisions under R.C. 2953.08(G). While we cite to this Court's precedential clear and convincing review standard adopted by three dissenting Justices in *Kalish*, we note that the outcome of our decision in this case would be identical under the *Kalish* plurality's two-part test.

the extent of such certainty as required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal." *In re Estate of Haynes* (1986), 25 Ohio St.3d 101, 103-04, 495 N.E.2d 23.

{¶7} In *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, ¶ 97, the Supreme Court of Ohio stated that "[t]rial courts [now] have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." *Id*. at paragraph seven of the syllabus.

{¶8} Although the trial court is given full discretion in sentencing pursuant to *Foster*, the trial court must still consider the overriding purposes of felony sentencing, which are to protect the public from future crimes by the offender and to punish the offender. R.C. 2929.11(A); *State v. Scott*, 3rd Dist. No. 6-07-17, 2008-Ohio-86, ¶ 49, citing *State v. Foust*, 3rd Dist. No. 3-07-11, 2007-Ohio-5767, ¶ 27. Additionally, "[a] sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing * * * commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B).

**{¶9}** Here, Young concedes that the sentence imposed by the trial court was within the statutory range for the offense for which he was convicted. See R.C. 2929.14(A)(4) (stating that a seventeen month prison term is within the statutory range for a sentence on a fourth degree felony conviction). However, Young asserts two main points in his contention that the sentence imposed by the trial court is not supported by clear and convincing evidence. First, Young maintains that this is his first felony conviction, despite the fact that he has a lengthy criminal past involving several misdemeanor offenses. Second, Young argues that his prior criminal conduct, which spans over the last three decades, can be attributed to his history of substance abuse. Young contends that the trial court did not give adequate consideration to his statement on the record that he wanted to get treatment for his addiction so that he could live a productive life, free from committing crime.

**{¶10}** Both at the sentencing hearing and in the judgment entry of conviction and sentence, the trial court noted on the record that it had considered the sentencing statutes and relevant case law. Contrary to Young's assertions, the record demonstrates that the trial court gave due consideration to the nature of Young's criminal history and his desire to get treatment for his addiction. Specifically, the trial court stated the following at the sentencing hearing, which is also incorporated into its sentencing judgment entry:

> **The defendant has a juvenile and criminal history that shows that he has not been a law abiding person since approximately age 14. Defendant was delinquent and unruly most of his teen years. As an adult defendant had numerous convictions for OVIs, carrying concealed weapons, assaults, and obstructing official business. The last time Defendant was before this Court in 2006, the case involved a short pursuit by a Deputy and Vicodin pills. Now the Defendant is back before this Court in two cases involving the sale of illegal drugs. Defendant justifies his sale operation by saying it was a way to make money since he had quit his job. Apparently Defendant had no concern for the addicts and the addictions he helped to fuel with his business and in this respect Defendant represents a threat to public safety. Defendant has shown little regard for the law. The Court has little confidence that the Defendant will suddenly be able to flip a switch and become a law abiding citizen. Defendant has had numerous opportunities for treatment \* \* \*. It is disturbing that the Defendant wants treatment, wants it to be imposed by the Court and not treatment that he, himself, has sought.**

(J.E. Feb. 1, 2011 at 4).

{¶11} Our review of the record reveals that the sentence imposed by the trial court is supported by clear and convincing evidence. Each sentence was within the statutory range for sentencing. Further, the record demonstrates Young's criminal history began at age fourteen, continued as an adult and resulted in numerous misdemeanor convictions. The record also demonstrates Young's pattern of drug abuse related to the instant offenses, which he openly acknowledged, as well as the facts of the instant case. Therefore, we find that the sentence was supported by law and the record. Furthermore, we note that even

though Young disagrees with the weight the trial court accorded his testimony as it related to his desire to seek treatment, it is well within the discretion of the trial court to assess the credibility of witness and to weigh his or her testimony accordingly.  Thus, the trial court did not err in sentencing Young in the manner that it did, and the assignment of error is overruled.

{¶12} For all these reasons, the judgment of the Wyandot County Court of Common Pleas is affirmed.

*Judgment Affirmed*

**ROGERS, P.J. and PRESTON, J., concur.**

**/jlr**