[Cite as *State v. Frazier*, 2011-Ohio-5445.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
SHELBY COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,              CASE NO. 17-11-06

      v.

DAVID FRAZIER,                   O P I N I O N

      DEFENDANT-APPELLANT.

STATE OF OHIO,

      PLAINTIFF-APPELLEE,               CASE NO. 17-11-07

      v.

DAVID FRAZIER,                   O P I N I O N

      DEFENDANT-APPELLANT.

Appeals from Shelby County Common Pleas Court
Trial Court Nos. 08CR00306 and 10CR00125

Judgments Affirmed

Date of Decision:   October 24, 2011

**APPEARANCES:**

 *James R. Gudgel* **for Appellant**

 *Jeffrey J. Beigel* **for Appellee**

**SHAW, J.**

{¶1} Defendant-appellant, David Frazier ("Frazier"), appeals the judgments of the Common Pleas Court of Shelby County, Ohio, sentencing him to an aggregate sentence of eight years and nine months imprisonment following guilty convictions on four felony charges.

{¶2} On November 13, 2008, Frazier was indicted for one count of burglary in violation of R.C. 2911.12(A)(2), a felony of the second degree (Trial Case No. 08 CR 306). Despite a number of attempts to serve Frazier with the indictment, he was not served until March of 2010. On June 8, 2010, Frazier was indicted in a separate case for eight counts of burglary, each in violation of R.C. 2911.12(A)(4) and each a felony of the fourth degree (Trial Case No. 10 CR 125). Frazier entered pleas of not guilty to all of the charges contained in both indictments.

{¶3} The 2008 case proceeded to a jury trial on December 21-22, 2010. At the conclusion of the trial, Frazier was found guilty of the sole count of burglary, a felony of the second degree. Thereafter, on January 14, 2011, Frazier entered into

a plea agreement with the State on the 2010 case, whereby Counts I, II, and VII were each reduced to charges of receiving stolen property in violation of R.C. 2913.51, felonies of the fifth degree, and the remaining five counts were dismissed in exchange for Frazier tendering pleas of guilty to the three reduced counts of receiving stolen property.

{¶4} On February 11, 2011, Frazier was sentenced in both cases. In the 2008 case, Frazier was sentenced to six years in prison. In the 2010 case, Frazier was sentenced to eleven months in prison on each of the three counts. All of Frazier's sentences were ordered to be served consecutively to one another for an aggregate sentence of eight years and nine months. These appeals followed, and Frazier now asserts one assignment of error for our review.

**THE GRANTING OF CONSENTIVE [*sic*] SENTENCES IS EXCESSIVE AND IS NOT NECESSARY TO PROTECT THE PUBLIC.**

{¶5} In his sole assignment of error, Frazier contends that the trial court abused its discretion in not considering and making the specific findings required by R.C. 2929.14(E)(4) before imposing consecutive sentences.

{¶6} Our review of this assignment of error begins by noting that an appellate court must conduct a meaningful review of the trial court's sentencing decision. *State v. Daughenbaugh*, 3rd Dist. No. 16–07–07, 2007-Ohio-5774, ¶ 8, citing *State v. Carter*, 11th Dist. No. 2003-P-0007, 2004-Ohio-1181. A meaningful

review means "that an appellate court hearing an appeal of a felony sentence may modify or vacate the sentence and remand the matter to the trial court for re-sentencing if the court clearly and convincingly finds that the record does not support the sentence or that the sentence is otherwise contrary to law."[1] *Daughenbaugh*, 2007-Ohio-5774, at ¶ 8, citing *Carter*, 2004-Ohio-1181, at ¶ 44; R.C. 2953.08(G). Clear and convincing evidence is "[t]he measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal." *In re Estate of Haynes* (1986), 25 Ohio St.3d 101, 103-104, 495 N.E.2d 23.

{¶7} In *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, the Supreme Court of Ohio stated that "[t]rial courts [now] have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." *Id*. at paragraph seven of the syllabus. In fact, the Court in *Foster*, specifically found that the requirements imposed by R.C.

---

[1] We note that the Supreme Court of Ohio's plurality opinion in *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, establishes a two-part test utilizing an abuse of discretion standard for appellate review of felony sentencing decisions under R .C. 2953.08(G). While we cite to this Court's precedential clear and convincing review standard adopted by three dissenting Justices in *Kalish*, we note that the outcome of our decision in this case would be identical under the *Kalish* plurality's two-part test.

2929.14(E)(4) were unconstitutional, severed that division from the remainder of R.C. 2929.14, and held that "judicial fact-finding is not required before imposition of consecutive prison terms." *Id*. at ¶ 99.

{¶8} Although the trial court is given full discretion in sentencing pursuant to *Foster*, the trial court must still consider the overriding purposes of felony sentencing, which are to protect the public from future crimes by the offender and to punish the offender. R.C. 2929.11(A); *State v. Scott*, 3rd Dist. No. 6-07-17, 2008-Ohio-86, ¶ 49, citing *State v. Foust*, 3rd Dist. No. 3-07-11, 2007-Ohio-5767, ¶ 27. Additionally, "[a] sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing * * * commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B).

{¶9} Here, Frazier's sentence of six years for his second degree felony offense of burglary was within the statutorily permissible range of two to eight years. See R.C. 2929.14(A)(2). Additionally, each of his sentences of eleven months for his fifth degree felonies was within the statutorily permissible range of six to twelve months. See R.C. 2929.14(A)(5). Thus, the imposition of time for each count was well within the statutory ranges, and as such, the sentences imposed were not contrary to law.

{¶10} Further, the trial court stated that it had considered the record, oral statements, any victim impact statement and presentence report prepared, as well as the principles and purposes of sentencing under Ohio Revised Code section 2929.11, and had balanced the seriousness and recidivism factors of Ohio Revised Code section 2929.12.

{¶11} The trial court was not required to make the findings Frazier contends it must have made before imposing consecutive sentences. Thus, the trial court did not err in this regard. Moreover, from the language contained in the judgment entries of sentencing, the trial court complied with the statutory sentencing requirements. In fact, Frazier has provided this Court with no evidence to the contrary, as the record is devoid of any transcript of the sentencing hearing, contrary to the mandates of App.R. 9 and App.R. 16(A)(6-7).

{¶12} For all these reasons, the assignment of error is overruled, and the judgments of the Common Pleas Court of Shelby County, Ohio, are affirmed.

*Judgments Affirmed*

**PRESTON and WILLAMOWSKI, J.J., concur.**

**/jlr**