DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas that found appellant guilty of attempted rape following a no contest plea. For the following reasons, this court affirms the judgment of the trial court.
 {¶ 2} Appellant Brian R. Walter sets forth the following assignments of error:
 {¶ 3} "I. The trial court erred in sentencing the defendant/appellant, Brian R. Walter, to a six year term, as the sentence was not commensurate with the seriousness of the offender's conduct and its impact upon the victim, and not consistent with sentences imposed for similar crimes committed by similar offenders.
 {¶ 4} "II. The sentencing of six years imposed on Brian R. Walter was not consistent with the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both."
 {¶ 5} The facts that are relevant to the issues raised on appeal are as follows. On January 14, 2003, appellant was charged by indictment with one count of rape of another less than 10 years of age, in violation of R.C. 2907.02(A)(1)(b), and one count of gross sexual imposition, in violation of R.C.2907.05(A)(4). These charges arose from an assault upon a six-year old girl on the night of January 1, 2003, which began while the victim lay sleeping in her bed.
 {¶ 6} On March 24, 2003, appellant entered a plea of no contest to the lesser included offense of attempted rape in violation of R.C. 2907.02(B) and R.C. 2923.02, a felony of the second degree. The plea was accepted and appellant was found guilty. At the request of the state, it was agreed that a nolle prosequi would be entered at the time of sentencing as to the gross sexual imposition count. Appellant was referred to the Court Diagnostic and Treatment Center for evaluation and a presentence investigation and report were ordered.
 {¶ 7} Appellant's sentencing hearing was held on April 23, 2003. At that time the trial court found that appellant was a sexually oriented offender and that the victim was under 13 years of age.
 {¶ 8} Before imposing sentence, the trial court noted that it had considered the oral statements, victim impact statements, the presentence report and the principles and purposes of sentencing. The trial court noted that the six-year-old victim was assaulted during the early morning hours while she slept in her bed; that the assault left marks on her neck indicating strangling and that she bled vaginally; that the victim suffered serious physical, psychological and economic harm; that she had undergone counseling and would have to do so in the future; and that she suffered seizures after the assault and incurred medical bills totaling over $1,100. The trial court noted that appellant was identified by both the victim and her older sister and that appellant's relationship with the victim facilitated the offense. The trial court found that appellant had shown no genuine remorse and that there was some evidence of the use of alcohol and drugs prior to committing the offense. The trial court further noted that the psychologist's report indicated appellant was not being honest and falsely portrayed himself in a positive light. The trial court found that the presumption of a minimum sentence was overcome and that imposition of the shortest prison term would demean the seriousness of the offense. It is from that judgment that appellant appeals.
 {¶ 9} In his first assignment of error, appellant asserts that his six-year sentence is not consistent with sentences imposed for similar crimes committed by similar offenders. Appellant argues that in similar cases most judges would have imposed a sentence of four years or less, and cites eight cases from the trial court in support of his claim that his sentence is inconsistent with others for similar crimes.
 {¶ 10} Appellant compares his sentence to those imposed in seven cases from the Lucas County Court of Common Pleas in which the defendants were convicted of rape or attempted rape, and one Lucas County case that was appealed to this court. In State v.Gill (CR00-2388), the defendant was convicted of raping someone under the age of 13 and was sentenced to a four-year prison term. In State v. Crossett (CR00-2788), the defendant was convicted of six counts of rape and sentenced to eight years to be served concurrently with a five-year sentence imposed for a conviction of two counts of gross sexual imposition. In State v. Pickering
(CR02-3355), the defendant was convicted of two counts of rape and sentenced to a four-year term of imprisonment. In State v.Watkins (CR02-2047), the defendant was convicted of one count of rape and four counts of gross sexual imposition and sentenced to four years imprisonment on each rape count with the sentences to be served concurrently but consecutive to two year sentences on the gross sexual imposition convictions. In State v. Hayes
(CF03-1582), the defendant was sentenced to four years in prison following a conviction on one count of attempted rape. In Statev. Stevenson (CR01-1108), the defendant was sentenced to five years in prison on a conviction of one count of rape and one count of gross sexual imposition. In State v. Speer
(CR00-1840), the defendant was convicted of three counts of rape and sentenced to four years on each count, to be served concurrently. Finally, appellant cites State v. Shiffler,
2002-Ohio-4947, in which appellant was sentenced to seven-year prison terms on each of two counts of rape and a three-year prison term on one conviction of gross sexual imposition, all to run concurrently.
 {¶ 11} The state contends that the six-year sentence is not contrary to law and is supported by the record. The state responds that none of the cases cited by appellant involved circumstances similar to those of this case and, in particular, none of them involved the level of physical violence that occurred in the instant case. The state further asserts that any case involving the rape of a child will have distinct factual situations, which necessarily lead to varied sentences being imposed. Appellee cites two recent cases from the Lucas County Court of Common Pleas in which the defendants were convicted of attempted rape. In State v. Flores (CR01-2992), the defendant was sentenced to six years in prison and in State v. Paige
(CR02-3398), the defendant received a seven-year sentence.
 {¶ 12} Felony sentencing is governed by R.C. Chapter 2929. R.C. 2929.11(A) provides that "the overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender." R.C. 2929.11(A) further states that in order to achieve these purposes, "the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense." According to R.C. 2929.11(B), felony sentences should be calculated to achieve these purposes, "* * * commensurate with and not demeaning to the seriousness of the offender's conduct and its impact on the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."
 {¶ 13} Of further relevance to this case, R.C. 2929.14(B) provides that: "* * * if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has notserved a prison term, the court shall impose the shortest prisonterm authorized for the offense pursuant to division (A) of thissection, unless the court finds on the record that the shortestprison term will demean the seriousness of the offender'sconduct or will not adequately protect the public from future crime by the offender or others." (Emphasis added.)
 {¶ 14} In the present case, appellant entered the victim's home uninvited and assaulted the child while she was sleeping in her bed. As the trial court noted, appellant took advantage of his relationship with the victim's aunt to gain access to the home. The assault on the victim involved more than the rape; the victim was choked severely enough to leave marks on her skin. The victim also suffered psychological harm and a recurrence of her problem with seizures, which had been under control prior to the assault.
 {¶ 15} Since all but one of the cases cited by appellant were from the trial court, we do not have the factual histories before us. Therefore, all we can look at are the offenses for which the defendants were convicted and the sentences imposed. Without more, we are unable to accurately determine whether any of those cases involved "similar crimes committed by similar offenders." R.C. 2929.11(B). In the cases cited by appellant, the defendants received sentences ranging from four to eight years for rape convictions. In the one attempted rape case cited by appellant, the defendant received a four-year sentence. In the two cases cited by the state, the defendants received sentences of six and seven years for attempted rape convictions.
 {¶ 16} This court has independently reviewed cases from this district in which the defendants were convicted of attempted rape. In State v. Fenwick (Mar. 31, 2000), Erie App. No. E-98-031, the defendant was sentenced to seven years imprisonment following a conviction on one count of attempted rape. In Statev. DeLauder (Aug. 18, 2000), Lucas App. No. L-99-1033, andState v. Williams (Aug. 11, 2000), Lucas App. No. L-98-1409, both defendants received seven-year sentences on their convictions for attempted rape. In State v. Glenn (Nov. 16, 2001), Sandusky App. No. S-01-008, the defendant, who had not previously been sentenced to a term of imprisonment, received a seven-year sentence following his conviction for the attempted rape of his ten-year-old granddaughter. The defendant in Statev. Hammerberg, 2002-Ohio-3050, was sentenced to serve a term of imprisonment of not less than eight nor greater than fifteen years on a conviction of attempted rape. Last, In State v.Stull, 2002-Ohio-5917, the defendant, who was a first-time felony offender, received a five-year sentence following his conviction on one count of attempted rape of a thirteen-year-old victim.
 {¶ 17} As can be seen from the foregoing, appellant's six-year sentence falls within the range of sentences for attempted rape that have been imposed by trial courts in our district. In fact, in the two cases cited above in which the defendants, like appellant in this case, had not previously served a term of imprisonment, the sentences were five years and seven years; appellant's sentence of six years falls squarely in the middle of that range. Based upon the foregoing, we are unable to find that appellant's sentence was not consistent with sentences imposed for similar crimes committed by similar offenders. Accordingly, we find that appellant's sentence is clearly and convincingly supported by the record and is not contrary to law. Appellant's first assignment of error is not well taken.
 {¶ 18} In support of his second assignment of error, appellant asserts that his sentence is "extremely harsh," "excessive for any need to incapacitate or deter the offender" and "counterproductive for rehabilitation." Appellant also claims that his actions were a "one-time occurrence that would be very unlikely to repeat itself." Appellant does not cite any authority to support his claims and this appears to be simply a catch-all argument. Based on the law cited above, we find that appellant's sentence is consistent with the overriding purposes of felony sentencing. It is clear from the record that the trial court considered the need for incapacitating the offender as well as deterring the offender and others from future crime. The trial court clearly considered the need to protect the public from future crime by the offender and to punish the offender pursuant to R.C. 2929.11. Further, the trial court considered the relevant factors set forth in R.C. 2929.12(B) concerning the physical and mental injury suffered by the victim, the evidence that the harm was exacerbated by the victim's age, and evidence that appellant's relationship with the victim facilitated the offense. Additionally, the trial court noted pursuant to R.C. 2929.12(C) that there were no factors making this offense less serious than conduct normally constituting the offense. The trial court further considered the report of the Court Diagnostic and Treatment Center in which the psychologist indicated that appellant was not being honest and falsely portrayed himself in a positive light.
 {¶ 19} Finally, the trial court noted that appellant showed no genuine remorse for the offense, that there was evidence that a pattern of drug or alcohol abuse was related to the offense, and that appellant denied a history of illicit substance abuse.
 {¶ 20} Based on the foregoing, we find that the sentence imposed by the trial court was consistent with the overriding purposes of felony sentencing and, accordingly, appellant's second assignment of error is not well taken.
 {¶ 21} Upon consideration whereof, this court finds that appellant was not prejudiced and the judgment of the Lucas County Court of Common Pleas is affirmed. Costs of this appeal are assessed to appellant.
Judgment Affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, P.J., Richard W. Knepper, J., Judith AnnLanzinger, J. Concur.