[Cite as *State v. Shepard*, 2011-Ohio-6344.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
UNION COUNTY

STATE OF OHIO,

     PLAINTIFF-APPELLEE,               CASE NO. 14-11-07

     v.

JACK W. SHEPARD,                 O P I N I O N

     DEFENDANT-APPELLANT.

Appeal from Union County Common Pleas Court
Trial Court No. 10-CR-0013

Judgment Affirmed

Date of Decision:   December 12, 2011

APPEARANCES:

    *Jeffrey D. Slyman*  for Appellant

    *Terry L. Hord*  for Appellee

**SHAW, J.**

{¶1} Defendant-appellant, Jack W. Shepard ("Shepard"), appeals the March 28, 2011 judgment of the Common Pleas Court of Union County, Ohio, sentencing him to ten years of imprisonment for rape, a felony of the first degree, in violation of R.C. 2907.02(A)(2).

{¶2} The facts relevant to this appeal are as follows. On February 3, 2010, Shepard was indicted on two counts of rape of a person less than ten years of age in violation of R.C. 2907.02(A)(1)(b), both felonies of the first degree. Both counts also included specifications that Shepard was a sexually violent predator. The victim of these alleged offenses was Shepard's younger sibling, who was between the ages of eight and ten at the time of the offenses. Shepard pled not guilty to both counts and their specifications.

{¶3} Subsequently, Shepard entered pleas of not guilty by reason of insanity, and the trial court ordered Shepard to undergo a mental health evaluation for both his competency to stand trial and to determine whether he was legally insane at the time the offenses were committed. Shepard was examined by two different mental health professionals, Dr. James Reardon and Dr. Daniel Hrinko. A hearing was held on these matters on June 28, 2010. Both doctors submitted reports to the trial court, which were admitted into evidence without objections

from either the State or Shepard, and the trial court found that Shepard was competent to stand trial.

{¶4} On January 7, 2011, Shepard and the State reached a plea agreement. According to the terms of this agreement, the State amended Count One of the indictment to rape, a felony of the first degree in violation of R.C. 2907.02(A)(2), and dismissed Count Two of the indictment and both specifications in exchange for Shepard entering a plea of guilty to the sole amended count. After conducting a plea colloquy with Shepard, the trial court accepted his guilty plea, found him guilty, and ordered a pre-sentence investigation.

{¶5} Shepard's sentencing hearing occurred on March 28, 2011. At this hearing, Shepard submitted the report of psychologist, Dr. Michael Firmin, who conducted a psychological evaluation of Shepard at his counsel's request, including an opinion as to Shepard's potential for future sexual misconduct. In addition, he submitted a letter from his mother, who is also the mother of the victim. The State did not object to either of these being admitted into evidence for the court's consideration.

{¶6} Prior to the sentencing hearing, counsel for the victim informed the trial court, the State, and counsel for Shepard that the victim wanted to be present and make a statement to the court. However, she did not want Shepard to be present. The trial court addressed this matter on the record, and Shepard waived

his right to be present. He was then taken to a different room and permitted to watch this portion of the hearing on a television monitor. Once Shepard was removed from the courtroom, the victim gave her statement to the court. After she completed her statement and left the courtroom, Shepard returned and the hearing continued. After the State and counsel for Shepard presented their respective positions, Shepard provided his own statement to the court. Shepard was sentenced to a mandatory term of ten years in prison and classified as a Tier III sex offender. This appeal followed, and Shepard now asserts three assignments of error.

## ASSIGNMENT OF ERROR I

**THE TRIAL COURT ERRED IN IMPOSING A MAXIMUM SENTENCE ON APPELLANT CONTRARY TO LAW, SPECIFICALLY R.C. § 2929.14(C), WHEN HE IS A FIRST TIME OFFENDER AND THE RECORD DOES NOT SUPPORT SUCH AN IMPOSITION.**

## ASSIGNMENT OF ERROR II

**THE TRIAL COURT ERRED BY IMPOSING A MAXIMUM SENTENCE THAT IS CONTRARY TO LAW BECAUSE SUCH AN ORDER IS NEITHER CONSISTENT NOR PROPORTIONATE TO OTHER SIMILAR OFFENSES COMMITTED BY A FIRST TIME OFFENDER AS REQUIRED BY LAW.**

## ASSIGNMENT OF ERROR III

**THE TRIAL COURT'S MAXIMUM SENTENCE OF INCARCERATION WAS AN ABUSE OF DISCRETION**

**BECAUSE IT WAS ERROR TO CONSIDER FACTS OUTSIDE THE RECORD IN SENTENCING APPELLANT.**

{¶7} As these assignments of error are interrelated, we elect to address them together.[1]

{¶8} An appellate court must conduct a meaningful review of the trial court's sentencing decision. *State v. Daughenbaugh*, 3rd Dist. No. 16–07–07, 2007-Ohio-5774, ¶ 8, citing *State v. Carter*, 11th Dist. No. 2003-P0007, 2004-Ohio-1181. A meaningful review means "that an appellate court hearing an appeal of a felony sentence may modify or vacate the sentence and remand the matter to the trial court for re-sentencing if the court clearly and convincingly finds that the record does not support the sentence or that the sentence is otherwise contrary to law."[2] *Daughenbaugh*, 2007-Ohio-5774, at ¶ 8, citing *Carter*, 2004-Ohio-1181, at ¶ 44; R.C. 2953.08(G). Clear and convincing evidence is "[t]he measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such

---

[1] We note that each of these assignments of error involves sentencing issues for an offense committed between January 1, 2005 and January 2, 2007. Effective September 30, 2011, the General Assembly has enacted a new sentencing framework with numerous changes to the framework that was in effect at the time Shepard committed this offense and when he was sentenced. However, our review of these issues is limited to the previous statutory sentencing scheme and case law interpreting the previous framework.

[2] We note that the Supreme Court of Ohio's plurality opinion in *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, establishes a two-part test utilizing an abuse of discretion standard for appellate review of felony sentencing decisions under R .C. 2953.08(G). While we cite to this Court's precedential clear and convincing review standard adopted by three dissenting Justices in *Kalish*, we note that the outcome of our decision in this case would be identical under the *Kalish* plurality's two-part test.

certainty as required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal." *In re Estate of Haynes* (1986), 25 Ohio St.3d 101, 103-104, 495 N.E.2d 23.

{¶9} In *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, ¶ 97, the Supreme Court of Ohio stated that "[t]rial courts [now] have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." *Id.* at paragraph seven of the syllabus. In fact, the Court in *Foster*, specifically found that

> **[t]he following sections, because they either create presumptive minimum or concurrent terms or require judicial fact-finding to overcome the presumption, have no meaning now that judicial findings are unconstitutional: R.C. 2929.14(B), 2929.19(B)(2), and 2929.41. These sections are severed and excised in their entirety, as is R.C. 2929.14(C), which requires judicial fact-finding for maximum prison terms[.]**

*Id.* at ¶ 97.

{¶10} Although the trial court is given full discretion in sentencing pursuant to *Foster*, the trial court must still consider the overriding purposes of felony sentencing, which are to protect the public from future crimes by the offender and to punish the offender. R.C. 2929.11(A); *State v. Scott*, 3rd Dist. No. 6-07-17, 2008-Ohio-86, ¶ 49, citing *State v. Foust*, 3rd Dist. No. 3-07-11, 2007-Ohio-5767, ¶ 27. Additionally, "[a] sentence imposed for a felony shall be

reasonably calculated to achieve the two overriding purposes of felony sentencing * * * commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B).

{¶11} Here, Shepard's sentence of ten years for his first degree felony offense of rape was within the statutorily permissible range of three to ten years. See R.C. 2907.02(A)(2); R.C. 2929.14(A)(1). Thus, the imposition of this amount of time was not contrary to law.

{¶12} Further, after taking a recess to review Dr. Firmin's report, the trial court stated on the record that it had reviewed the exhibits submitted by Shepard and considered them along with the statements made in open court. The trial court also noted that it had considered the record, oral statements, the pre-sentence investigation, the principles and purposes of sentencing (R.C. 2929.11), the seriousness and recidivism factors (R.C. 2929.12), and the need for deterrence, incapacitation, rehabilitation, and restitution (R.C. 2929.11). In addition, the trial court found that the shortest prison term would demean the seriousness of Shepard's offense and would not protect the public. These considerations were also noted in the court's judgment entry of sentence.

{¶13} Nevertheless, Shepard maintains that the trial court did not make the necessary findings contained in R.C. 2929.14(C) in order to impose the maximum

sentence of ten years. As previously noted, pursuant to *Foster*, the trial court was not required to make any findings under R.C. 2929.14(C) before imposing a maximum sentence of ten years. Thus, the trial court did not err in this regard. Moreover, from the language contained in the judgment entries of sentencing, the trial court complied with the statutory sentencing requirements.

{¶14} Shepard additionally asserts that the trial court erred in considering matters outside the record, i.e. evidence of other sexual acts he committed against the victim to which he did not plead guilty, and by sentencing him to ten years because this sentence was neither consistent nor proportionate to other similar offenses committed by similar offenders. We disagree.

{¶15} At the sentencing hearing, counsel for Shepard specifically stated that he reviewed the PSI and had no factual disputes with the PSI. The State also had no objection. However, the trial court informed the parties that it had found one error in the PSI, which was located on the last page under the portion providing the victim's personal information. This portion inaccurately listed the victim's age at the time of the offense as her current age rather than between the ages of eight and ten. No other factual inaccuracies with the PSI were reported, and it was made part of the record.

{¶16} According to the portion of the PSI describing the details of the offense, from late 2005 until early 2007, Shepard had his younger sibling, who

was between the ages of eight and ten at the time, perform fellatio on him a number of times. During some of these acts, he would also ejaculate in her mouth. On other occasions during this same time frame, he would have her use her hand to masturbate him and/or have her watch him masturbate. Further, on at least one occasion, Shepard broadcast over the internet the victim performing fellatio on him. Although he did not use physical force on the victim, he told her that if she told anyone what they were doing, that they would not go to heaven and that their parents would not love them any longer.

{¶17} Although Shepard pled guilty to only one offense of rape in accordance with the plea agreement, the Revised Code permits a trial court to consider any factors that are relevant to achieve the purposes and principles of sentencing and any relevant factors to determine the seriousness of the offender's conduct and whether the offender is likely to commit future crimes. See R.C. 2929.12. Undoubtedly, Shepard's extensive and repeated conduct with the victim over a significant period of time, her age, his age, and his relationship with her were all relevant factors in sentencing regardless of whether they were actual elements of the one offense to which he pled. Thus, the PSI provided relevant information, which was not disputed by Shepard, to the trial court. Furthermore, not only were these matters contained in the PSI, the psychological report prepared by Dr. Firmin and admitted into evidence at Shepard's request reveals

that Shepard admitted that he committed multiple acts against the victim. Therefore, the trial court did not err in considering this information when determining how to achieve the purposes and principles of sentencing in this instance.

{¶18} As for Shepard's assertion that his sentence was neither consistent nor proportionate to other similar offenses committed by similar offenders, we note that he failed to provide the trial court with any examples of sentences imposed for similar offenses upon similar offenders or to even raise this issue with the trial court. Having failed to do so, Shepard has waived all but plain error on this matter. See *State v. Johnson*, 164 Ohio App.3d 792, 2005-Ohio-6826, 844 N.E.2d 372, ¶ 53. Plain error does not exist unless it can be said that but for the error, the outcome would clearly have been different. *State v. Long* (1978), 53 Ohio St.2d 91, 372 N.E.2d 804.

{¶19} In support of his position that his sentence was disproportionate, Shepard has cited one case to this Court, wherein the appellant in that case provided a number of citations to the Sixth District Court of Appeals to demonstrate that his sentence was disproportional. See *State v. Walter*, 6th Dist. No. L-03-1144, 2004-Ohio-1971. Notably, the Sixth District found that all but one of the cases cited by the appellant was from a trial court and provided no factual histories with which to compare the appellant's case. *Id.* at ¶ 15.

Likewise, this Court does not have those factual histories, and *Walter* involved a defendant convicted of attempted rape and sentenced to six years. Accordingly, Shepard has failed to demonstrate how his sentence was disproportionate to other similar offenders for similar offenses.

{¶20} Moreover, as previously discussed, Shepard engaged in a repeated and long-term pattern of sexual offenses against his much younger sibling. Clearly, he used his familial relationship with her to further his own sexual desires. This included exploiting his abuse of her on the internet on at least one occasion and having her watch him engage in self-gratification. While the victim stated that she continued to do well in school and that she loved her brother and wanted him to have a normal life, the negative impact her brother's behavior had on her was substantial as evidenced by her need to have him removed from the courtroom before she was even able to address the court. Further evidence of the harm done to the victim was contained in the letter written by the mother of both Shepard and his victim, wherein she discussed how the victim had participated in therapy for what her brother had done to her and had to resume therapy once he was indicted and the local newspaper reported that his victim was a younger family member, potentially exposing her identity to those who knew the family. The mother expressed that the victim did not want to discuss her abuse again and that she needed therapy again in part because she thought she would have to talk

further about the abuse. The particular nature of this offense, and in most instances of rape, is very fact-specific and is difficult to assess comparatively to other cases. Thus, on the state of the record before us, we cannot conclude that the trial court imposed a disproportionate sentence.

{¶21} Given all of the information before the trial court, we do not find that the trial court erred in sentencing Shepard to ten years in prison. Accordingly, the three assignments of error are overruled, and the judgment of the Common Pleas Court of Union County, Ohio, is affirmed.

*Judgment Affirmed*

**PRESTON, J., concurs.**

**/jlr**

**WILLAMOWSKI, J., Concurring Separately.**

{¶22} I concur fully with the majority opinion, however write separately to emphasize that the appropriate standard of review was applied. The standard of review for sentences was set forth in the plurality opinion of *Kalish*, supra. In *Kalish*, four panel members noted that R.C. 2953.08(G) requires that appellants must meet a clearly and convincingly contrary to law standard of review when

reviewing a sentence.[3]  For example, if the sentencing court failed to consider a required code section  such as R.C. 2929.12, the standard of review would be whether appellant has shown that the sentence was clearly and convincingly contrary to law.  However, if the appeal is based upon alleged improper application of the factors in R.C. 2929.12, four panel members in *Kalish* would require review using an abuse of discretion standard as specifically set forth in R.C 2929.12.[4]

{¶23} In his assignments of error, Shepard alleges that the trial court erred by failing to make the findings required by R.C 2929.14(C).  Shepard's appeal of his felony sentence did not raise issue with the application of the factors set forth in R.C. 2929.12, which would require a review using an abuse of discretion standard.  Thus, the clearly and convincingly standard used to review this case, as set forth in R.C. 2953.08(G)(2) is the proper standard of review herein.

---

[3]  Justices Pfeifer, Lundberg Stratton, Lanzinger, and Judge Willamowski, sitting by assignment, all reached this conclusion.
[4]  Justices O'Connor, Moyer, O'Donnell, and Judge Willamowski, sitting by assignment, concurred in this position, although the first three would use both standards of review in all cases.