OPINION *Page 2 
{¶ 1} Defendant-Appellant, Jeremy Nighram Rockwood, appeals the judgment of the Auglaize County Court of Common Pleas. On appeal, Rockwood argues that the trial court erred in sentencing him to a non-minimum prison term. Finding that the trial court did not err, we affirm the judgment of the trial court.
 {¶ 2} In January 2007, the Auglaize County Grand Jury indicted Rockwood for one count of rape in violation of R.C. 2907.02(A)(1)(b) and2971.03(B)(1)(b), a felony of the first degree; one count of rape in violation of R.C. 2907.02(A)(1)(b),(B) and 2971.03(B)(1)(c), a felony of the first degree; one count of attempted rape in violation of R.C.2923.02(A), 2907.02(A)(1)(b),(B), 2971.03(B)(2)(b), and 2941.1419, a felony of the first degree; and, one count of attempted rape in violation of R.C. 2923.02(A), 2907.02(A)(1)(b),(B), 2971.03(B)(2)(a), and 2941.1418, a felony of the first degree. The indictment arose from an incident whereby Rockwood raped a seven year-old child. Thereafter, Rockwood entered a plea of not guilty to all counts of the indictment.
 {¶ 3} In May 2007, Rockwood withdrew his plea of not guilty and entered a negotiated plea of guilty to one count of rape in violation of R.C. 2907.02(A)(2), a felony of the first degree. The other counts were dismissed pursuant to negotiations. *Page 3 
 {¶ 4} In July 2007, the trial court found Rockwood to be a sexual predator and sentenced him to a six-year prison term, stating from the bench:
 The Court notes for the record that it has fully considered the information contained in the PreSentence Investigation Report prepared by the Adult Parole Authority * * *[.]
 The Court having considered the information presented at the sentencing hearing and the record and the Court having considered the factors pertaining to the seriousness of the offense and recidivism and the Court having further considered the factors contained in Revised Code Section 2929.12 and .13, the Court finds that prison is consistent with the purposes and principles of sentencing set forth in Revised Code Section 2929.11.
(Sentencing Hearing, pp. 13-14).
 {¶ 5} It is from this judgment that Rockwood appeals, presenting the following assignment of error for our review.
 PURSUANT TO OHIO REVISED CODE, SECTION 2953.08(G)(2)(A),(B) THE DEFENDANT-APPELLANT'S SENTENCE IS NOT SUPPORTED BY THE RECORD AND IS CONTRARY TO LAW.
 {¶ 6} In his sole assignment of error, Rockwood argues that the trial court erred in sentencing him to a non-minimum prison term. Specifically, Rockwood claims that the trial court failed to consider that he had no prior serious criminal record; that he had no prior history of sexual activity with minors; that he had committed the offenses while extremely intoxicated and had no recollection of them; and, that the victim's mother expressed some residual doubt as to whether the offense had been committed. We disagree. *Page 4 
 {¶ 7} When an appellate court reviews the sentencing decision of a trial court, it must conduct a meaningful review of the sentencing decision. State v. Daughenbaugh, 3d Dist. No. 16-07-07, 2007 Ohio 5774, ¶ 8, citing State v. Carter, 11th Dist. No. 2003-P-0007, 2004-Ohio-1181. A meaningful review means "that an appellate court hearing an appeal of a felony sentence may modify or vacate the sentence and remand the matter to the trial court for re-sentencing if the court clearly and convincingly finds that the record does not support the sentence or that the sentence is otherwise contrary to law." Daughenbaugh,2007-Ohio-5774, at ¶ 8, citing Carter, 2004-Ohio-1181, at ¶ 44; R.C.2953.08(G).
 {8} In State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, the Supreme Court of Ohio severed portions of Ohio's felony sentencing law after finding them unconstitutional. The Court held that "[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences."Foster, 2006-Ohio-856, at paragraph seven of the syllabus. Further, the Court stated that "[o]ur remedy does not rewrite the statute, but leaves courts with full discretion to impose a prison term within the basic ranges of R.C. 2929.14(A) based upon a jury verdict or admission of the defendant without the mandated judicial findings [of fact] thatBlakely prohibits." Id. at ¶ 102. Additionally, the Court held that "[c]ourts shall consider those *Page 5 
portions of the sentencing code that are unaffected by today's decision and impose any sentence within the appropriate felony range."Id. at ¶ 105.
 {¶ 9} Trial courts are still required to comply with R.C. 2929.11,2929.12, 2929.13, and the unsevered portions of R.C. 2929.14.Foster, 2006-Ohio-856, at ¶ 36. Additionally, R.C. 2929.11 and 2929.12
do not mandate judicial fact-finding; rather, in exercising its discretion, a trial court is merely required to "consider" the purposes of sentencing in R.C. 2929.11 and the statutory guidelines and factors set forth in R.C. 2929.12. Id. at ¶¶ 36-42. See, also, State v.Mathis, 109 Ohio St.3d 54, 2006-Ohio-855, ¶ 38; State v. Roehl, 3d Dist. No. 4-07-10, 2008-Ohio-85; State v. Estep, 3d Dist. No. 9-07-16,2007-Ohio-6713, ¶ 12.
 {¶ 10} Here, the trial court specifically stated on the record during the sentencing hearing that it had considered the information contained in the pre-sentence investigation report, the information presented at the sentencing hearing, the information in the record, the factors pertaining to the seriousness of the offense and recidivism, and the statutory sentencing factors present in R.C. 2929.12 and 2929.13. Therefore, although the trial court was not required to state that it had considered each section of the sentencing statute, pursuant toFoster and Mathis, the record reflects that the trial court properly considered the statutory sentencing factors. Additionally, the prison sentence imposed by the trial court was within the statutory range for the offense. See R.C. 2929.14(A). *Page 6 
 {¶ 11} Accordingly, we overrule Rockwood's assignment of error.
 {¶ 12} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment Affirmed.
 SHAW, P.J., and PRESTON, J., concur. *Page 1