[Cite as *State v. McGee*, 2011-Ohio-6433.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 96688

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## RICHARD McGEE

DEFENDANT-APPELLANT

## JUDGMENT:
## AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-507434

BEFORE:   E. Gallagher, J., Boyle, P.J., and S. Gallagher, J.

RELEASED AND JOURNALIZED:   December 15, 2011
**ATTORNEY FOR APPELLANT**

Judith M. Kowalski
333 Babbitt Road
Suite 323
Euclid, Ohio   44123


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

By:    Jessie W. Canonico
Assistant County Prosecutor
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio   44113


EILEEN A. GALLAGHER, J.:

**{¶ 1}**  Richard McGee appeals from his resentencing in the Cuyahoga County Common Pleas Court.  McGee argues the trial court abused its discretion in sentencing him to a seven-year term of imprisonment consecutive to the term imposed in case CR-507845 and in imposing the maximum sentence for both counts of aggravated robbery.  Finding no merit to this appeal, we affirm the decision of the trial court.

**{¶ 2}**  In 2008, a jury convicted McGee of two counts of aggravated robbery and two counts of kidnapping.  The trial court subsequently sentenced McGee to seven years on both aggravated robbery charges and five years on each of the kidnapping charges for a total prison term of twelve years.  The court ordered those sentences to be served

consecutive to an eight-year prison sentence imposed in Case CR-507845, in which a jury found McGee guilty of aggravated robbery, carrying a concealed weapon, and improper handling of a firearm.

{¶ 3} McGee appealed both convictions to this Court in separate case numbers, App. Nos. 92019 and 92026. McGee's appeal relating to lower court case number CR-507845 was dismissed for lack of a final appealable order. See *State v. McGee*, Cuyahoga App. No. 92026, 2010-Ohio-2082. In McGee's direct appeal of the case now at bar, this court affirmed McGee's convictions and the imposition of a sentence consecutive with case CR-507845 but remanded the matter for resentencing after finding that the convictions in this case were for allied offenses and, therefore, they must merge. See *State v. McGee*, Cuyahoga App. No. 92019, 2010-Ohio-2081.

{¶ 4} On remand, the trial court conducted a resentencing hearing. The court, in conjunction with this court's opinion, merged the charges of kidnapping with those of aggravated robbery for purposes of sentencing. After hearing from McGee and others who spoke on his behalf, the trial court sentenced McGee to seven years on each of the charges of aggravated robbery, to run concurrent with each other but consecutive to the prison sentence in CR-507845.

{¶ 5} McGee appeals, raising the two assignments of error contained in the appendix to this opinion.

{¶ 6} In his first assignment of error, McGee argue that the trial court erred when

it ordered his seven-year prison sentence be served consecutive with the eight-year prison sentence ordered in case CR-507845. We find no merit to this argument.

{¶ 7} We review felony sentences using the framework announced in *State v. Kalish*, 120 Ohio St.2d 23, 2008-Ohio-4912, 896 N.E.2d 124. In its plurality opinion, the *Kalish* court declared that in applying *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, to the existing statutes, appellate courts "must apply a two-step approach." *Kalish* at ¶4.

{¶ 8} Appellate courts must first "examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law." Id. at 26. See, also, R.C. 2953.08(G). If this first prong is satisfied, then we review the trial court's decision under an abuse of discretion standard. Id. at ¶4 and ¶19.

{¶ 9} In the first step of our analysis, we review whether McGee's sentence is contrary to law as required by R.C. 2953.08(G). As the *Kalish* court noted, post-*Foster* "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings and give reasons for imposing maximum, consecutive, or more than the minimum sentence." Id. at 11, quoting *Foster* at paragraph seven of the syllabus; *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, paragraph three of the syllabus. The *Kalish* court held that although *Foster* eliminated mandatory judicial fact-finding, it left R.C. 2929.11 and 2929.12 intact. *Kalish* at 13.

Therefore, the trial court must still consider those statutes when imposing a sentence. Id., citing *Mathis* at 38.

{¶ 10} R.C. 2929.11(A) provides that:

"[A] court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing [:] * * * to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both."

{¶ 11} R.C. 2929.12 provides a nonexhaustive list of factors a trial court must consider when determining the seriousness of the offense and the likelihood that the offender will commit future offenses.

{¶ 12} R.C. 2929.11 and 2929.12 are not fact-finding statutes. Instead, they "serve as an overarching guide for trial judges to consider in fashioning an appropriate sentence." *Kalish* at 17. Thus, "[i]n considering these statutes in light of *Foster*, the trial court has full discretion to determine whether the sentence satisfies the overriding purposes of Ohio's sentencing structure." Id.

{¶ 13} In the instant case, McGee does not argue that the court failed to consider R.C. 2929.11 and 2929.12 when imposing his sentence. Instead, he argues that because he has a relatively minor criminal history and that he played no part in the violent aspects of the crimes for which he was convicted, a lesser sentence was proper. While McGee is free to put forth this argument, it does not demonstrate that his sentence violated Ohio's sentencing statutes.

{¶ 14} The trial court's journal entry reflects that it considered all factors as required by law and found that prison was consistent with R.C. 2929.11. Further, the imposed prison terms on the two felonies to which McGee pleaded guilty were within the statutory range. Since McGee was sentenced within the statutory range and has failed to demonstrate how his sentence violated Ohio's sentencing statutes, we do not find that it was contrary to law.

{¶ 15} We next consider whether the trial court abused its discretion. *Kalish* at ¶4 and ¶19. An "abuse of discretion" is more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.

{¶ 16} We find nothing in the record to suggest that the trial court's decision was unreasonable, arbitrary, or unconscionable. As outlined above, a review of the record indicates that the trial court also expressly stated that it had considered all factors of the law and found that prison was consistent with the purposes and principles of R.C. 2929.11.

{¶ 17} Accordingly, McGee's first assignment of error is overruled.

{¶ 18} In his second assignment of error, McGee argues the trial court erred when it sentenced him to the maximum sentences for the underlying case. This assignment of error lacks merit.

{¶ 19} Pursuant to R.C. 2911.01, aggravated robbery is a first-degree felony, which

is punishable by annualized terms of imprisonment ranging from three to ten years. See R.C. 2929.14(A)(1). Here, the trial court sentenced McGee to two, seven-year terms of imprisonment, which is not the maximum penalty authorized by law.

{¶ 20} Thus, McGee's argument that the trial court erred by sentencing him to the maximum term of imprisonment is without merit.

{¶ 21} The judgment of the trial court is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said lower court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

EILEEN A. GALLAGHER, JUDGE

MARY J. BOYLE, P.J., and
SEAN C. GALLAGHER, J., CONCUR

**Appendix**

**Assignments of Error:**

**"I.   The trial court erred to the prejudice of appellant by sentencing him to a**

total of fifteen years imprisonment amounting to consecutive terms of seven and eight years respectively, in that the consecutive terms are excessive for the purposes set forth in Ohio Revised Code Section 2929.11(A) and (B), and are not necessary to protect the public."

"II.   The trial court abused its discretion to the prejudice of appellant by imposing maximum sentences when consideration of the factors in 2929.12 tended to favor a lesser sentence."