[Cite as *State ex rel. Favors v. Cuyahoga Cty. Court of Common Pleas*, 2012-Ohio-1648.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97710**

## STATE OF OHIO, EX REL.,
## GLENN FAVORS

RELATOR

vs.

## CUYAHOGA COUNTY COURT
## OF COMMON PLEAS

RESPONDENT

## JUDGMENT:
## COMPLAINT DISMISSED

Writ of Mandamus
Motion No. 451212
Order No. 453523

**RELEASE DATE**:   April 6, 2012

**FOR RELATOR**

Glenn Favors, pro se
Inmate No. A593-726
Richland Correctional Institution
P. O. Box 8107
Mansfield, Ohio   44901

**ATTORNEYS FOR RESPONDENT**

William D. Mason
Cuyahoga County Prosecutor

By:   James E. Moss
Assistant County Prosecutor
The Justice Center
1200 Ontario Street, 9th Floor
Cleveland, Ohio   44113

MARY J. BOYLE, P.J.:

{¶1} Relator, Glenn Favors, is the defendant in *State v. Favors*, Cuyahoga County Court of Common Pleas Case No. CR-540083. Favors pled guilty to attempted robbery, R.C. 2923.02 and 2911.02(A)(2), a third degree felony. In an entry received for filing on November 29, 2010, the court of common pleas sentenced him to three years in prison.

{¶2} In this action in mandamus, Favors requests that this court compel respondent court of common pleas to reduce his sentence to 24 months. Favors argues that R.C. 2929.14(A)(3)(b) requires the reduction of his sentence. R.C. 2929.14(A)(3)(b) provides: "For a felony of the third degree that is not an offense for which division (A)(3)(a) of this section applies, the prison term shall be nine, twelve, eighteen, twenty-four, thirty, or thirty-six months." R.C. 2929.14(A)(3)(a) pertains to other crimes as well as multiple robberies or burglaries.

{¶3} Favors observes that his three-year term was in the middle of the old statutory range. He contends, therefore, that his sentence should now be reduced to the middle of the new statutory range — that is, 24 months.

{¶4} R.C. 2929.14(A)(3)(b) was added as part of 2011 Am.Sub.H.B. No. 86. The effective date of Am.Sub.H.B. No. 86 was September 30, 2011.

{¶5} The trial court issued an order sentencing Favors on November 29, 2010. In cases regarding provisions amended by Am.Sub.H.B. 86, this court has held that the amendments do not apply if the defendant was sentenced before September 30, 2011, the effective date of Am.Sub.H.B. 86. *See, e.g.*, *State v. Lindsey*, 8th Dist. No. 96601,

2012-Ohio-804, ¶ 34, fn.1; *State v. Calliens*, 8th Dist. No. 97034, 2012-Ohio-703, ¶ 28; *State v. Ward*, 8th Dist. No. 97219, 2012-Ohio-1199, ¶ 5. *See also State v. Fields*, 5th Dist. No. CT11-0037, 2011-Ohio-6044, ¶ 2 (affirming the denial of defendant-appellant's "motion for sentence modification, claiming his sentence should be reduced pursuant to H.B. No. 86").

{¶6} "The requisites for mandamus are well established: (1) the relator must have a clear legal right to the requested relief, (2) the respondent must have a clear legal duty to perform the requested relief, and (3) there must be no adequate remedy at law." *State ex rel. Goodgame v. Russo*, 8th Dist. No. 97347, 2012-Ohio-92, ¶ 2, fn.1.

{¶7} The cases cited above all indicate that amendments in Am.Sub.H.B. No. 86 do not apply to cases in which the trial court sentenced the defendant prior to the September 30, 2011 effective date. Favors was sentenced before the effective date of Am.Sub.H.B. No. 86. We must hold, therefore, that he does not have a clear legal right to a reduction in sentence, and respondent court does not have a clear legal duty to reduce his sentence. As a consequence, we deny his request for relief in mandamus.

{¶8} Accordingly, respondent's motion to dismiss is granted. Relator to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).

{¶9} Complaint dismissed.

MARY J. BOYLE, PRESIDING JUDGE

FRANK D. CELEBREZZE, JR., J., and
EILEEN A. GALLAGHER, J., CONCUR