[Cite as *State v. McGee*, 2012-Ohio-1829.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 96688

# STATE OF OHIO

### PLAINTIFF-APPELLEE

vs.

# RICHARD MCGEE

### DEFENDANT-APPELLANT

---

## JUDGMENT:
## APPLICATION DENIED

---

Cuyahoga County Common Pleas Court
Case No. CR-507434
Application for Reopening
Motion No. 451603

**RELEASE DATE:** April 25, 2012

**FOR APPELLANT**

Richard McGee, Pro Se
No. A552481
P.O. Box 8107
Mansfield, Ohio 44901


**ATTORNEYS FOR APPELLEE**

William D. Mason, Esq.
Cuyahoga County Prosecutor
By: Katherine Mullin, Esq.
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

JAMES J. SWEENEY, J.:

{¶1} On January 24, 2012, the applicant, Richard McGee, pursuant to App.R. 26(B), applied to reopen this court's judgment in *State v. McGee,* 8th Dist. No. 96688, 2011-Ohio-6433 in which this court affirmed McGee's seven year sentence for two counts of aggravated robbery. McGee argues that his appellate counsel was ineffective for not arguing that the provisions of H.B. 86 should be applied to his case. The state of Ohio filed its brief in opposition on February 14, 2012, and McGee filed a reply brief on February 27, 2012. For the following reasons, this court denies the application.

{¶2} In *State v. McGee*, Cuyahoga Cty. C.P. No. CR-507434 in August 2008, a jury found McGee guilty of two counts of aggravated robbery and two counts of kidnapping. The trial judge sentenced McGee to seven years on each of the aggravated robbery counts concurrent but consecutive to five years on each of the kidnapping counts which were to be served concurrent to each other. Thus, the judge imposed a total sentence of 12 years for CR-507434. Additionally, the judge ordered that this sentence would be consecutive to McGee's sentence in CR-507845.

{¶3} On appeal, this court ruled that the counts for kidnapping should be merged into the aggravated robbery counts as allied offenses. *State v. McGee,* 8th Dist. No. 92019, 2010-Ohio-2081. In March 2011, the trial judge resentenced McGee to seven

years on each of the aggravated robbery counts, concurrent with each other but consecutive to the sentence in CR-507845.

{¶4} Am.Sub.H.B. No. 86 became effective on September 30, 2011. It re-enacted various provisions of R.C. 2929.14, under which, McGee claims, he would have been sentenced to the minimum term for aggravated robbery and would not have been sentenced to consecutive sentences. He further claims that because the General Assembly merely revived the old provisions of R.C. 2929.14, his appellate counsel should have argued that these soon-to-be-effective provisions apply to McGee.

{¶5} However, McGee's argument is meritless. This court has ruled that the provisions do not apply if the defendant, such as McGee, was sentenced before the effective date of Am.Sub.H.B. 86. *See, e.g.*, *State v. Lindsey*, 8th Dist. No. 96601, 2012-Ohio-804, ¶ 34, fn.1; *State v. Calliens*, 8th Dist. No. 97034, 2012-Ohio-703, ¶ 28; *State v. Ward*, 8th Dist. No. 97219, 2012-Ohio-1199, ¶ 5. *See also State v. Fields*, 5th Dist. No. CT11-0037, 2011-Ohio-6044, ¶ 2 (affirming the denial of defendant-appellant's "motion for sentence modification, claiming his sentence should be reduced pursuant to H.B. No. 86"); and *State ex rel. Favors v. Cuyahoga Cty. Court of Common Pleas,* 8th Dist. No. 97710, 2012-Ohio-1648. Appellate counsel properly rejected a meritless proposition.

{¶6} Accordingly, this court denies the application.

_____
JAMES J. SWEENEY, JUDGE


MELODY J. STEWART, P.J., and
MARY J. BOYLE, J., CONCUR