[Cite as *State v. Hartley*, 2012-Ohio-4108.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
UNION COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,            CASE NO. 14-11-29

    v.

KEITH MATTHEW HARTLEY,
A.K.A MATTHEW ERIC HOVANEC,
A.K.A. ANDREWS ALRIDE JACOB,       O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Union County Common Pleas Court
Trial Court No. 08-CR-0071

Judgment Affirmed

Date of Decision: September 10, 2012

APPEARANCES:

    *Alison Boggs* for Appellant

    *Terry L. Hord* for Appellee

**ROGERS, J.**

{¶1} Defendant-Appellant, Keith Hartley, appeals the judgment of the Court of Common Pleas of Union County convicting him of receiving stolen property and tampering with evidence, sentencing him to a total prison term of nine years and ten months, and ordering him to pay restitution. On appeal, Hartley contends that he received ineffective assistance of counsel in contravention of his rights under the United States and Ohio Constitutions, and that the trial court erred in sentencing him to consecutive prison terms. Since Hartley was provided effective assistance of counsel and the trial court properly handed down consecutive sentences, we affirm the judgment of the trial court.

{¶2} On June 25, 2008, the Union County Grand Jury indicted Hartley on the following eight counts: two counts of receiving stolen property in violation of R.C. 2913.51(A), (C), a felony of the fourth degree; two counts of tampering with evidence in violation of R.C. 2921.12(A)(1), (B), a felony of the third degree; two counts of tampering with identifying numbers to conceal the identity of a vehicle or part in violation of R.C. 4549.62(A), (E), a felony of the fifth degree; one count of grand theft of a motor vehicle in violation of R.C. 2913.02(A)(2), (B)(5), a felony of the fourth degree; and one count of grand theft in violation of R.C. 2913.02(A)(1), (B)(2), a felony of the fourth degree.

{¶3} This indictment arose from a May 16, 2008 incident in which Union County Sheriff deputies discovered Hartley and his fiancée, Valerie Richmond, removing scrap steel from a local property. The deputies found a truck on the property with missing VIN and federal FID plates. Further investigation revealed that the truck was stolen.

{¶4} After taking Hartley into custody, law enforcement officials learned that Hartley was living in a travel trailer located on the property of Larry Webb, Richmond's uncle. When the deputies arrived at the property, Webb granted them permission to enter and park their cruisers within eyesight of Hartley's trailer. The officers observed that the trailer had a different VIN plate besides the one assigned to it by the manufacturer. Upon this discovery, the authorities obtained a warrant for the trailer and the search revealed that other VIN plates in the trailer had been removed.

{¶5} On June 4, 2009, Hartley's counsel filed a motion to suppress the evidence obtained in the search of the travel trailer. Counsel argued that there was no nexus between Hartley's arrest as a result of the discovery of the stolen truck with missing VIN plates and the resulting search of the travel trailer on Webb's property. The trial court held a suppression hearing on July 21, 2009, during which Hartley's counsel called three witnesses: a deputy with the Union County Sheriff's Office, Webb, and Richmond. Testimony was elicited from Webb that

he gave law enforcement permission to enter the property before the discovery of the tampered VIN plate on the travel trailer. After this testimony, Hartley's counsel decided to withdraw the motion to suppress.

{¶6} In light of the motion's withdrawal, on July 29, 2009, Hartley knowingly, intelligently, and voluntarily pled guilty to two counts of receiving stolen property and two counts of tampering with evidence. As part of a plea bargain, the other counts of the indictment were dismissed.

{¶7} The trial court then proceeded, on September 16, 2009, to hold a sentencing hearing in which evidence was adduced regarding Hartley's extensive criminal background, his mental health, and the nature of the crimes for which he was convicted. In the course of the hearing, the State fleetingly suggested that Hartley's actions were part of an organized criminal activity. Meanwhile, Hartley's counsel stated that she considered entering an *Alford* plea, but decided against it, and she requested a separate hearing on the matter of restitution, which the trial court granted.

{¶8} After the presentation of evidence and counsel's arguments, the trial court stated the following:

> The court with reference to the matters at hand, has considered the record, the oral statements, the victim impact statement, the presentence investigation, the principals and purposes of sentencing, the seriousness and recidivism factors, and I have also considered the need for deterrence, incapacitation, rehabilitation, and restitution, and the necessity that the court has also to protect the public

whenever it can. The court finds that the shortest prison term would demean the seriousness of the offence [sic] and would not protect the public. The court further finds that consecutive sentences are necessary to protect the public and are not disproportionate to the offenses committed. Sentencing Hearing Tr., p. 37-38.

As a result, the trial court handed down an eleven month sentence for each count of receiving stolen property and a four year sentence for each count of tampering with evidence. Since each sentence was ordered to run consecutively, the trial court's order resulted in a total prison term of nine years and ten months.

{¶9} Hartley appealed, but this court dismissed the appeal as a non-final appealable order, finding that the trial court failed to include an order of restitution and had scheduled a separate hearing on that issue.

{¶10} The trial court conducted the restitution hearing on October 27, 2009, but Hartley's counsel failed to appear. Rather, on the morning of the hearing, Hartley's counsel faxed a motion for continuance or in the alternative, for waiver of the hearing, because a family emergency precluded her from attending. No affidavit explaining the particular circumstances of the family emergency was attached to the pleading.

{¶11} The trial court gave Hartley the option to proceed without counsel or to reschedule the hearing while new counsel was found. After Hartley indicated that he wanted to proceed without counsel present, the trial court asked, "[I]s it your desire to waive your right to counsel for purposes of this proceeding?"

Restitution Hearing Tr., p. 40. Hartley then responded, "Yes, your honor." *Id*. The trial court inquired a second time whether Hartley had "proceed[ed] in a knowingly, intelligently, and voluntarily manner," to which Hartley stated that he "voluntarily made into it." *Id*. at 43. Based on the evidence presented in the hearing, the trial court ordered restitution in the amount of $32,275.57.

**{¶12}** Hartley appealed, but this court again dismissed the appeal finding that the restitution order did not name the victims entitled to restitution.

**{¶13}** On remand, the trial court conducted another restitution hearing on November 22, 2011. The trial court again ordered restitution in the amount of $32,275.57 and appropriately listed the victims and the amount each was due.

**{¶14}** Hartley filed this timely appeal, presenting the following assignments of error for our review.

### *Assignment of Error No. I*

**DEFENDANT-APPELLANT RECEIVED PREJUDICIALLY INEFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF HIS SIXTH AND FOURTEENTH AMENDMENT RIGHTS, AS WELL AS HIS RIGHTS UNDER SECTION 10, ARTICLE 1 OF THE OHIO CONSTITUTION.**

### *Assignment of Error No. II*

**THE TRIAL COURT ERRED WHEN IT SENTENCED APPELLANT TO CONSECUTIVE SENTENCES.**

*Assignment of Error No. I*

{¶15} In his first assignment of error, Hartley contends that he was denied effective assistance of counsel. Specifically, he argues that the following instances of conduct show ineffective assistance of counsel: (1) counsel's decision to withdraw the motion to suppress; (2) counsel's failure to pursue an *Alford* plea during the plea bargaining process; and (3) counsel's failure to appear at the October 27, 2009 restitution hearing. We disagree.

{¶16} An ineffective assistance of counsel claim requires proof that trial counsel's performance fell below objective standards of reasonable representation and that the defendant was prejudiced as a result. *State v. Bradley*, 42 Ohio St.3d 136 (1989), paragraph two of the syllabus. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, but for counsel's errors, the outcome at trial would have been different. *Id.* at paragraph three of the syllabus. "Reasonable probability" is a probability sufficient to undermine confidence in the outcome of the trial. *State v. Waddy*, 63 Ohio St.3d 424, 433 (1992), citing *United States v. Bagley*, 473 U.S. 667, 682, 105 S.Ct. 3375 (1985), superseded by constitutional amendment on other grounds as recognized by *State v. Smith*, 80 Ohio St.3d 89, 103 (1997).

{¶17} Furthermore, the court must look to the totality of the circumstances and not isolated instances of an allegedly deficient performance. *State v. Malone*, 2d Dist. No. 10564 (Dec. 13, 1989). "Ineffective assistance does not exist merely because counsel failed 'to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it.'" *Id*., quoting *Smith v. Murray*, 77 U.S. 527, 535, 106 S.Ct. 2661 (1986).

*Withdrawal of the Motion to Suppress*

{¶18} The United States Supreme Court has counseled that the "failure to file a suppression motion does not constitute *per se* ineffective assistance of counsel." *Kimmelman v. Morrison*, 477 U.S. 365, 384, 106 S.Ct. 2574 (1986). Rather, the defendant must prove that there is a reasonable probability that the motion would have been successful. *State v. Robinson*, 108 Ohio App.3d 428, 432-33 (3d Dist. 1996); *see also State v. McNeil*, 83 Ohio St.3d 438, 449 (1998) ("Defense counsel is not required to advance arguments lacking merit.").

{¶19} Hartley cannot show that the motion to suppress would have succeeded. Although the search warrant and affidavit are attached to Hartley's appellate brief, they are not contained within the record. Consequently, this court is unable to consider the contents of these items. *See State v. Ishmail*, 54 Ohio St.2d 402 (1978), paragraph one of the syllabus. Without the search warrant or the

affidavit, we cannot assess the merits of Hartley's motion to suppress, which Hartley has the burden to prove.

{¶20} In light of this deficiency in the record, we decline to find that trial counsel's decision to withdraw the motion to suppress constitutes ineffective assistance of counsel.

*Failure to Pursue an* Alford *Plea*

{¶21} An *Alford* plea is a guilty plea where the defendant maintains his innocence. *State v. Carey*, 3d Dist. No. 14-10-25, 2011-Ohio-1998, ¶ 6. The failure to pursue such a plea did not have a prejudicial effect in this matter. Hartley was charged with eight counts in the indictment and in exchange for his guilty plea, the State agreed to drop four of the counts. Trial counsel's tactical decisions in the plea bargaining process are generally immune from ineffective assistance of counsel claims and there is no evidence in the record to reach a contrary conclusion here. *See State v. Staten*, 7th Dist. No. 03-MA-187, 2005-Ohio-1350 R60 ("The strategic or tactical decisions made by counsel will not normally form a basis for a claim of ineffective assistance of counsel."). Further, there was no prejudice in failing to pursue an *Alford* plea since Hartley knowingly, intelligently, and voluntarily pleaded guilty.

{¶22} Thus, we find that the failure to pursue an *Alford* plea in this matter does not rise to the level of ineffective assistance of counsel.

*Failure to Appear at Restitution Hearing*

**{¶23}** While trial counsel's failure to appear at the October 27, 2009 restitution hearing was ill-advised, it had no prejudicial effect on the disposition of the hearing. When presented with the option of going forward with the hearing or postponing it, Hartley knowingly, intelligently, and voluntarily waived his right to have counsel present at the hearing. Additionally, the trial court held a second restitution hearing on November 22, 2011 during which counsel appeared on Hartley's behalf. Thus, we also reject the argument that the failure of Hartley's counsel to appear at the October 27, 2009 restitution hearing constitutes ineffective counsel.

**{¶24}** In light of the evidence in the record, we find that the conduct of Hartley's counsel in withdrawing the motion to suppress, abstaining from an *Alford* plea in the plea bargaining process, and failing to appear at the restitution hearing does not amount to ineffective assistance of counsel.

**{¶25}** Accordingly, we overrule Hartley's first assignment of error.

*Assignment of Error No. II*

**{¶26}** In his second assignment of error, Hartley claims that the trial court inappropriately sentenced him to consecutive prison terms. There appear to be two bases for this assignment of error. First, Hartley argues that the trial court failed to appropriately consider the factors for sentencing and consequently

produced an unjust prison term. Second, Hartley suggests that the trial court relied on a purportedly inaccurate statement regarding his alleged involvement with organized crime. We disagree with both arguments.

*Consideration of Factors for Sentencing*

**{¶27}** We preliminarily note that the trial court's sentence was imposed on September 16, 2009, before the effective date of House Bill 86 ("H.B. 86"), which amended R.C. 2929.14's treatment of felony sentencing. *State v. Stalnaker*, 11th Dist. No. 2011-L-151, 2012-Ohio-3028, ¶ 15. Since Hartley's sentencing predates the enactment of H.B. 86, the new provisions of R.C. 2929.14 have no applicability to this matter and the former version of the statute controls. *See, e.g.*, *State v. McGee*, 8th Dist. No. 96688, 2012-Ohio-1829, ¶ 5 (finding that the provisions of H.B. 86 do not apply where the defendant was sentenced before law's effective date).

**{¶28}** A reviewing court must conduct a meaningful review of the trial court's imposed sentence. *State v. Daughenbaugh*, 3d Dist. No. 16-07-07, 2007-Ohio-5774, ¶ 8. Such review allows the Court to "modify or vacate the sentence and remand the matter to the trial court for re-sentencing if the court clearly and convincingly finds that the record does not support the sentence or that the

sentence is otherwise contrary to law." *Id.*[1]

{¶29} Trial courts have plenary discretion to sentence an offender to any term of imprisonment within the statutory range without a requirement that it make any findings or give reasons for ordering the service of consecutive sentences. *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, paragraph seven of the syllabus. Still, R.C. 2929.11, 2929.12, 2929.13, and the unsevered portions of R.C. 2929.14 govern felony sentencing. *State v. Rockwood*, 3d Dist. No. 2-07-31, 2008-Ohio-738, ¶ 9.

{¶30} R.C. 2929.11 provides, in pertinent part, that the "overriding purposes of felony sentencing are to protect the public from future crime and to punish the offender." R.C. 2929.11(A). In advancing these purposes, sentencing courts are instructed to "consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." *Id.* Meanwhile, R.C. 2929.11(B) states that felony sentences must be both "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim" and consistent with sentences imposed in similar cases.

---

[1] We note that the Supreme Court of Ohio's decision in *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, establishes a two-part test utilizing an abuse of discretion standard for appellate review of felony sentencing decisions under R.C. 2953.08(G). While we cite to this court's precedential clear and convincing evidence standard adopted by the three dissenting justices in *Kalish*, we note that the outcome of our decision here would be the same under the plurality's two-part test.

{¶31} Additionally, when sentencing an offender, the trial court must consider the factors set forth under R.C. 2929.12(B), (C), (D), and (E) relating to the seriousness of the offender's conduct and the likelihood of the offender's recidivism. R.C. 2929.12(A). However, the trial court is not required to make specific findings of its consideration of the factors. *State v. Kincade*, 3d Dist. No. 16-09-20, 2010-Ohio-1497, ¶ 8.

{¶32} Here, the trial court explicitly stated during the sentencing hearing and in the judgment entry of sentence that it considered the record, which included evidence of Hartley's mental illness, the pre-sentence investigation report, the factors relating to the offense's seriousness and the possibility of Hartley's recidivism, and the statutory factors codified in R.C. 2929.12 and 2929.13. Additionally, the trial court imposed a sentence that was within the statutory range for the offenses. *See* R.C. 2929.14(A). Thus, we reject the argument that the trial court failed to consider the necessary statutory factors and consequently produced an inappropriate sentence.

*The State's Allegation of Organized Criminal Activity*

{¶33} While trial courts are granted plenary sentencing discretion under *Foster*, we have recognized that a trial court is not vested with authority to consider allegations of conduct that have not been adjudicated in a court of law. *State v. Montgomery*, 3d Dist. Nos. 3-08-10, 3-08-11, 2008-Ohio-6182, ¶ 13. But,

a trial court's mere reference to a defendant's uncharged and unadjudicated conduct does not produce reversible error, provided that the trial court relied on other evidence and factors in imposing sentence. Compare *State v. Park*, 3d Dist. No. 3-06-14, 2007-Ohio-1084, ¶ 8 (affirming sentence despite its purported reliance on the defendant's uncharged conduct since the trial court indicated in the record that a variety of other reasons supported the sentence) with *State v. Blake*, 3d Dist. No. 14-03-33, 2004-Ohio-1952, ¶ 6 (reversing sentence where trial court indicated its sole basis for the sentence was the defendant's conduct in charges that were dismissed and never adjudicated).

{¶34} Here, the trial court made no reference to the State's allegation of organized criminal activity when imposing sentence on Hartley. Indeed, the only references to the organized crime allegation were a single statement by the State and a rebuttal by Hartley's counsel that the allegation was unproven and uncharged. From this, there is no indication in the record to suggest that the trial court relied upon the State's allegation of an organized criminal activity when it sentenced Hartley.

{¶35} Even if such an indication existed, the trial court's sentence would still be proper. The trial court provided a variety of reasons for its imposition of consecutive sentences. The trial court pointed out Hartley's criminal history, his lack of remorse for the crimes charged in this matter, the conclusions of the pre-

sentence investigation report, and the crimes' significant impact on the victims. It also explicitly stated that these facts were weaved into the trial court's consideration of the statutory factors enumerated in R.C. 2929.11 and 2929.12. These considerations alone are sufficient to support the trial court's sentence. Consequently, we reject Hartley's argument that the trial court impermissibly based its sentencing decision on improper evidence of uncharged conduct.

**{¶36}** We find that the evidence in the record plainly discloses that the trial court properly considered the statutory factors for sentencing and that it did not rely on uncharged conduct as its basis for Hartley's sentence.

**{¶37}** Accordingly, we overrule the second assignment of error.

**{¶38}** Having found no error prejudicial to Hartley, in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**PRESTON, J., concurs.**

**/jlr**


**WILLAMOWSKI, J., Concurring Separately.**

**{¶39}** I concur fully with the judgment of the majority, however write separately to emphasize the appropriate standards of review. The standard of review for sentences was set forth in the plurality opinion of *Kalish*, supra. In

*Kalish*, four panel members noted that R.C. 2953.08(G) requires that appellants must meet a clearly and convincingly contrary to law standard of review when reviewing a sentence.[2] For example, if the sentencing court imposed consecutive sentences, the standard of review would be whether appellant has shown that the sentence was clearly and convincingly contrary to law. However, if the appeal is based upon alleged improper application of the factors in R.C. 2929.12, four panel members in *Kalish* would require review using an abuse of discretion standard as specifically set forth in R.C 2929.12.[3]

{¶40} In his second assignment of error, Hartley alleges that the trial court inappropriately sentenced him to consecutive prison terms. Hartley argues that the trial court failed to properly consider the factors in R.C. 2929.11 and 2929.12 which resulted in an unjust sentence. As stated by the majority, Hartley has not shown by clear and convincing evidence that the trial court failed to consider the statutory factors. To the contrary, the record shows that the trial court considered the record, Hartley's history of mental illness, the presentence investigation report, and the factors set forth in R.C. 2929.12 and R.C. 2929.13. The trial court also considered Hartley's criminal history, his lack of remorse, and the effect of the crimes on the victims. Since Hartley only challenged whether the factors were

---

[2] Justices Pfeifer, Lundberg Stratton, Lanzinger, and Judge Willamowski, sitting by assignment, all reached this conclusion.
[3] Justices O'Connor, Moyer, O'Donnell, and Judge Willamowski, sitting by assignment, concurred in this position, although the first three would use both standards of review in all cases.

considered and not the application of those factors, he had to prove that the judgment of the trial court was clearly and convincingly contrary to law. He did not. For this reason, I concur in the judgment of the majority.